MANUEL v. THE C., R. I. & P. R. Co.

1. **Practice:** PLEADING: NEGLIGENCE. Where a petition claimed to recover of a railroad company for a personal injury caused by the negligent acts of co-employes, which acts were set out, it was held erroneous to refuse to instruct the jury that negligence must be proved in the manner alleged to authorize a recovery.

*Appeal from Appanoose Circuit Court.*

THURSDAY, OCTOBER 20.

THE plaintiff was an employe of the defendant, working on a construction train, and alleged in his petition that while so engaged his co-employes carelessly and negligently "let fall

on the left foot of plaintiff a heavy iron rail," whereby he was greatly injured.   In an amendment to the petition it is stated: "that the two co-employes who let said iron rail fall carelessly and negligently on the foot of plaintiff were Swedes or some foreign nationality."

There was a denial of the allegations aforesaid, and trial by jury.   Verdict and judgment for plaintiff, and defendant appeals.

*Vermillion & Vermillion,* for appellant.

No appearance for appellee.

SEEVERS, J.   The evidence tended to show the plaintiff and other employes of the defendant, at the time the accident

1. PRACTICE: pleading: negligence.   occurred, were engaged in loading certain cars with old iron rails and bridge timbers.   It became necessary to move some of the timbers after they had been loaded on a car; the plaintiff testified while so engaged two of his co-employes raised with crowbars an iron rail which they carelessly let fall on his foot.   The evidence on the part of the defendant tended to show the rail was not raised with crowbars and did not fall on defendant's foot because of the negligence of the defendant's employes.

The court stated the issues correctly to the jury and in substance instructed them the plaintiff could recover if the injury was caused by the negligence of the defendant's employes, and the plaintiff had not been guilty of contributory negligence, but did not instruct the jury that before the plaintiff could recover he must have established to their satisfaction the injury had been caused in the manner alleged in the petition.   The defendant asked the court to instruct the jury as follows:

" Plaintiff does not claim in his petition that the timber or railroad iron was loaded on the defendant's car in a careless or negligent manner and that he was injured thereby, but he

does claim that two of defendant's employes let a bar of said railroad iron fall on his foot in a careless and negligent manner, and that he was thereby injured.   This is the only negligence claimed by plaintiff, and if you find from the evidence that the plaintiff has failed to establish, by the weight or preponderence of the evidence in the case, that he was injured by said iron rail being dropped on his foot, as alleged in his petition, he cannot recover in this case, and your verdict should be for the defendant."

· This instruction was refused.   We think it should have been given.   The issue is correctly stated, and only required the jury should be satisfied the injury was caused in the manner it was stated to have occurred in the pleadings.  That such is the clearly established rule there is no doubt.   Under the instructions given the jury might well conclude it was sufficient if the injury occurred in any manner because of the negligence of the employes of the defendant.   The instructions given were general.    The one asked directed the attention of the jury to the specific matters upon which the plaintiff's right to recover was based in the pleading.   It therefore should have been given.   *Haines v. The Illinois Central R. Co.*, 41 Iowa, 227; see also *Muldowney v. The Illinois Central R. Co.*, 32 Iowa, 176, and *Owen v. Owen*, 22 Id., 270.

REVERSED.