Nichols v. The Dubuque & Dakota R'y Co.

REVERSED.

---

## NICHOLS v. THE DUBUQUE & DAKOTA R'Y CO

1. **Railroads:** INJURY TO PASSENGER: EVIDENCE: HEIGHT OF PLAT-FORM. In an action for a personal injury received in alighting from a car, the mere fact that the platform where plaintiff alighted was higher than that at another station of the road was immaterial.

2. ———: ———: ———: STOPPAGE OF TRAINS. In such case, if there was a customary time during which trains in general, including the one in question, stopped at such stations as the one where plaintiff was injured, defendant might have shown it as a foundation for showing that the train in question stopped the customary time before the accident. But the question asked in this case (see opinion) was not broad enough, and was properly disallowed.

3. ———: ———: LEAVING TRAIN WHILE IN MOTION: NEGLIGENCE. Where a passenger has partly descended the steps of a car when the train starts, it cannot be said, as a matter of law, that he is guilty of negligence if he proceeds to alight, but it is a question for the jury under all the facts.

4. **Practice in Supreme Court:** NO PREJUDICE: NO REVERSAL. A cause will not be reversed on account of an erroneous instruction which is too favorable to appellee.

5. **Instructions:** REPETITION NOT REQUIRED. An instruction asked may properly be refused when the substance of it is included in the charge of the court.

6. ———: MUST BE JUSTIFIED BY EVIDENCE. An instruction based on a theory of which there is no evidence is erroneous.

**7. Husband and Wife:** PERSONAL INJURY TO WIFE: RECOVERY FOR LOSS OF TIME. A married woman engaged in the ordinary duties of a housewife, and not in any independent employment, cannot recover for loss of time occasioned by a personal injury. *Tuttle v. Chicago R. I. & P. R'y Co.*, 42 Iowa, 518, followed. [Compare *Fleming v. Town of Shenandoah*, 67 Iowa, 505.—REP.]

*Appeal from Butler District Court.*

FRIDAY, APRIL 23.

ACTION for a personal injury. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*J. M. Hemingway* and *Gibson & Dawson*, for appellant.

No appearance for appellee.

ADAMS, CH. J.—The plaintiff, Lucinda Nichols, took passage on the defendant's road at Waverly, under a ticket which entitled her to be carried to Dumont, her point of destination. On arrival at that point the cars stopped, and the plaintiff proceeded to alight. While in the act of alighting, according to her testimony, the cars started, and she fell and received the injury of which she complains. The evidence showed that she had numerous bundles with her, and that she was delayed a little by them in alighting, and returned once into the car after she had delivered a part of her bundles to her husband, who met her upon the platform of the car.

I. Upon the trial the plaintiff's husband was examined as a witness, and was asked how the platform at Dumont compared in height with the platform at Allison, another station on the road, and was allowed to answer, against the objection of the defendant, that it was considerably higher. The admission of this evidence is assigned as error. If the platform was higher than it should have been, and the height contributed to the diffi-

1. RAILROADS: injury to passenger: evidence: height of platform.

culty of alighting safely, under the circumstances shown, it may be that the plaintiff would have been entitled to show such fact as bearing upon the question of her freedom from contributory negligence; but we are not able to see how the mere fact that the platform was higher than the one at Allison was material. In our opinion, the evidence should not have been admitted.

II. One Helgerson was introduced as a witness by the defendant, and, after testifying that he was a railroad agent, and was on the same train with the plaintiff, engaged in paying off the employes of the company, he was asked to state, if he knew from observation, experience, and information derived from other sources, the usual length of time which a passenger train stops at a station the size of Dumont. This question was disallowed, and the defendant assigns the ruling as error. The defendant contended that the train stopped the usual time, and that the conductor gave the signal to start when the plaintiff was not in sight, and when he had no reason to suppose that she had yet to alight. If there was a customary time during which trains in general, including the one in question, stop at such a station, we think it was competent for the defendant to show it as the foundation for showing that the stoppage of this train previous to the accident was of the customary duration; but the question asked does not appear to us to be quite broad enough, and we think it was properly disallowed.

III. The defendant asked an instruction in these words: "If you find the train had started before the plaintiff alighted, and she, attempting to get off after the train had started, was injured, then you will find for the defendant." The court refused the instruction, and the defendant assigns the refusal as error. The evidence tends strongly to show that the plaintiff had descended one step from the platform of the car, and was about to descend another step, when the train started. If

such was the fact, we cannot say, as a matter of law, that the plaintiff was guilty of negligence if she did not arrest her progress instantaneously upon the starting of the train. The starting was probably unexpected to her, and, if so, she would naturally make some forward movement after the train started; yet, if she did so, it might be said that she attempted to get off after the train started, and, under the theory of the instruction, she could not recover. The case is quite different from what it would have been if she had left her seat, or the platform of the car, after the train started, with a view of getting off. It is by no means clear to our minds that what the plaintiff did, if anything, after the train started, was negligence. This being so, we have to say that the question was for the jury, and we think it was fairly submitted, and that there was no error in refusing the instruction.

IV. The court gave an instruction in these words: "If the plaintiff attempted to leave the coach while it was, to her

4. PRACTICE in supreme court: no prejudice: no reversal. knowledge, in motion, it would be such negligence on her part as to prevent a recovery." The defendant complains of this instruction by reason of the qualification in respect to the plaintiff's knowledge. It is manifest that the plaintiff could not be held responsible for incurring a danger of which she had no knowledge. The doubt, we think, if any, about the correctness of the instruction is as to whether, under the circumstances shown in evidence, the instruction is not too favorable for the defendant. If, by leaving the coach, the court meant leaving the inside of the coach, the instruction is clearly correct. But, under the plaintiff's testimony, the dangerous attempt, if any, was an attempt to leave the steps after the starting of the train, when she was in the very act of alighting. She doubtless had knowledge of the starting, but we are not prepared to say that her attempt, if any, after such knowledge should necessarily preclude a recovery. Where persons are in peril, and feel obliged to act upon the

spur of the moment, they are not necessarily to be charged with negligence if they do not do the right thing. But, however this may be, we do not think that the defendant has any ground to complain of the instruction.

V.   The defendant asked an instruction in these words: " If you find from the evidence that the plaintiff contributed to her injury by carelessly stepping down between the car and the platform, she cannot recover." The court refused the instruction, and the defendant assigns the refusal as error. In our opinion, the court did not err. It may be conceded that the instruction is correct, but it had been substantially covered by an instruction given. The court had already instructed the jury that " before the plaintiff can recover she must show that the injury was caused by the negligence of the defendant's employes, and also that she was at the time in the exercise of, reasonable and ordinary care to avoid the injury."

*5. INSTRUC-TIONS: repetition not required.*

VI.   .The court instructed the jury that the plaintiff was entitled to recover for reasonable expense incurred in nursing. It is objected by the defendant that there is no evidence that any such expense was incurred by her, and we have to say that we think that this is so. In our opinion, the court should not have given an instruction upon the theory that there was such evidence.

*6. ——: must be justified by evidence.*

VII.   The court instructed the jury that the plaintiff was entitled to recover for loss of time occasioned by the injury. The evidence showed that the plaintiff was a married woman, and engaged in the ordinary duties of a housewife, and not in any independent employment. It is objected by the defendant that it was the right of the plaintiff's husband, if of any one, to recover for such loss of time, and not the right of the plaintiff. If the question were an open one, the writer of this opinion would be inclined to think that a married woman, capable of earning money, should, in all cases of an actionable injury to her person, be allowed to recover for loss

*7. HUSBAND and wife: personal injury to wife: recovery for loss of time.*

of time resulting from a disability caused by the injury; but it was expressly held otherwise in *Tuttle v. Chicago R. I. & P. R'y Co.*, 42 Iowa, 518. Such being the doctrine of this court, the instruction cannot be sustained.

REVERSED.