GUSTAV FALK v. THE NEW YORK, SUSQUEHANNA AND WESTERN RAILROAD COMPANY.

It is the duty of a railway company to provide passengers with reasonably safe and convenient means of ingress and egress from its cars and carriages, and the railway company is liable for accidents happening by

reason of the neglect of such duty to passengers in descending from a car when at rest at a station, if the circumstances are such as to induce the passenger to believe that he has reached his point of destination and that it is safe for him to get out.

On demurrer to declaration.

Argued at November Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the plaintiff, *Alexander Simpson.*

For the demurrant, *John W. Griggs.*

The opinion of the court was delivered by

LIPPINCOTT, J. The declaration contains one count only. The action is by the plaintiff, as a passenger, against the railroad company, to recover damages for personal injuries alleged to have been occasioned by the negligence of the defendant.

The declaration avers that the defendant, a railroad company, received the plaintiff at Hackensack as a passenger to be carried to Jersey City, and that it then and there "became and was the duty of the said defendant to safely and carefully transport the said Gustav Falk to his destination, and to furnish said Gustav Falk safe ingress and egress from its cars aforesaid."

The further averment is "that when the said steam cars of the defendant were passing through Jersey City, the said steam cars were stopped at a place called West End, in the city of Jersey City, where the said defendant was accustomed to take on and let off its passengers, and by reason of the carelessness and negligence of the servants of the defendant the last two steam cars of which the train was composed, in which the said plaintiff was a passenger, were stopped and halted upon a trestle a great distance from the ground, to wit, the distance of twenty feet; that no warning was given to the passengers of the position of the two steam cars aforesaid, and no assist-

ance was offered to them to avoid the danger of alighting; that it was night and dark and no lights were provided at said place by the said defendant or its servants or agents, and that the said plaintiff, unaware of the danger of alighting from the next to the last car in the train, and unable to see his footing, stepped off the steps of said car, supposing, and having the right to suppose, that his feet would strike the ground at a distance of a few inches from the step of said car; instead of which he fell through, beneath and under said trestle to the ground below, a great distance, to wit, the distance of twenty feet, with great violence," &c., and that thus he sustained the injuries which are the subject of this suit.

The first objection to the declaration is that it does not correctly state the legal duty of the defendant to the plaintiff, and that this failure to state the legal obligation or duty which the defendant owed to the plaintiff is fatal to the pleading. The declaration is certainly subject to much criticism on this ground, but the conclusion reached is that it is not so entirely devoid of that accuracy which is required to drive the defendant to its plea.

The averment that it was the duty of the defendant to furnish " safe ingress and egress from its cars " is certainly indefinite, and very broad as a statement of duty. That averment, in its literal signification, would render the defendant an insurer of the passengers' safety in alighting from its cars. It might be said that, as stated, it is an undertaking for the passengers' safety in this respect at all hazards, but I think that it may be so interpreted as to cover and include that duty which the defendant did owe to the plaintiff as a passenger, to use reasonable care and precaution to provide him with means for alighting with safety from its cars. *Breese* v. *Trenton Horse Railroad Co.,* 23 *Vroom* 250.

It is the duty of a railway company to provide passengers with reasonably safe and convenient means of ingress and egress from its cars and carriages, and the railway company is liable for accidents happening by reason of the neglect of such duty to its passengers in descending from a car when at

rest at a station, if the circumstances are such as to induce the passenger to believe that he has reached his point of destination and that it is safe for him to get out. *Patt. Ry. L.,* § 261, and cases cited; *Central Railroad Co.* ads. *Van Horn,* 9 *Vroom* 133; *Delaware, Lackawanna and Western Railroad Co.* v. *Trautwein,* 23 *Id.* 169.

This was the legal measure of the duty of the defendant to the plaintiff as a passenger, and it may be asserted that this declaration does with sufficient certainty charge the defendant with this obligation.

Other objections to this declaration are that it does not aver that the place (West End) at which the train stopped was a regular station of the defendant in Jersey City, or that it was any station, but merely a place where the defendant was accustomed to take on or let off its passengers; and that it does not aver that the train was stopped for the purpose of letting off passengers, or that the plaintiff was notified to alight there, and that this is an indefiniteness or uncertainty of averment in these particulars which renders the declaration bad.

The observation may be made that the word "station," so far as it applies to railroads and their management, has acquired no technically legal meaning. The force of the objection appears to be in the contention that this place was not named in the declaration as a regular station, or a place at which the train was scheduled to stop to let off and take on passengers. The *narr.* does not aver that it was a place by name "where the defendant was accustomed to take on and let off passengers." It was not necessary at all that it should be a regular station of the defendant, or one at which the train was scheduled to stop, in order to compel the defendant to the exercise of the care requisite in law towards an alighting passenger. The signification of the word "station" in this respect, in relation to the conduct and management of a railroad, is that it is a place at which a halt is made for the purpose of taking on or letting down passengers or goods, and this definition will be good for all stations, terminal or otherwise.

I think the averments of the declaration, while quite broad, contain sufficient certainty of designation of this place as a station at which the passenger had the right to alight, and that the circumstances were such as to induce the defendant to believe that the train was stopped for that purpose, and that the averments of negligence on the part of the defendant towards the plaintiff are sufficient to sustain the declaration and overcome the demurrer. *Central Railroad Co.* ads. *Van Horn,* 9 *Vroom* 133 ; *Breese* v. *Trenton Horse Railroad Co.,* 23 *Id.* 250.

The contention on the part of the defendant is also made that the declaration shows contributory negligence, and that the plaintiff does not aver that he used any care or precaution himself, and does not introduce the ordinary negation of negligence on his own part.

Now, in a declaration of this character, it is not necessary for the plaintiff to circumstantially deny negligence on his part. After the averment of negligence on the part of the defendant causing the injury, a general negation of neglect on his part is entirely sufficient.

In this declaration he avers the facts of negligence on the part of the defendant causing the injury, and then, intending to negative any fault on his part, sets out the circumstances under which he alighted from the car. The intention of the pleader was, however inartistic the averment as orderly pleading may be, to negative any contributory negligence or default on his part, and it will not, under this statement of facts, be held by the court here that these circumstances develop, beyond any question, contributory negligence or want of care on his part.

There is but one intendment which can be given to this averment of these facts, and upon any rational construction of them it must be in favor of the plaintiff.

The demurrer is overruled, with costs.