## The Chicago and Alton Railroad Company

*v.*

## William K. Rayburn.

*Filed at Springfield October 30, 1894.*

1. Instructions—*error to take controverted question from the jury.* In suit for personal injury against a railroad company, an instruction that "plaintiff was rightfully on the space between defendant's tracks" is erroneous, where that question is in controversy.

2. Same—*negligence not charged in declaration.* Instructions which authorize the jury to base a verdict against a railroad company upon negligence not charged in the declaration are erroneous.

Appeal from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. Thomas F. Tipton, Judge, presiding.

Mr. William Brown, and Messrs. Williams & Capen, for the appellant.

Mr. Calvin Rayburn, and Mr. Owen T. Reeves, for the appellee.

Mr. Justice Baker delivered the opinion of the court:

This is an action on the case, instituted by appellee, against appellant, in the circuit court of McLean county, to recover damages for personal injuries alleged to have been sustained by him through the negligence of appellant. At the November term, 1892, of said court the cause was tried before a jury, who returned a verdict in favor of appellee, and assessed his damages at $2000. At the succeeding February term appellant's motion for a new trial was overruled, and judgment was rendered against it for the amount of the damages assessed by the jury, together with interest and costs. Upon appeal to the Appellate Court for the Third District that judgment was affirmed.

The amended declaration charged, in substance, that on April 23, 1891, appellee became a passenger on a freight train of appellant as a groom for a stallion being transported from Bloomington to Eldorado, Kansas; that when the train stopped at Tallula, an intermediate station, he was ordered by appellant's servants to alight from the caboose and pass along the train between the main track and side-track to the car in which was the stallion, for the purpose of closing the car door, which, through some defect in its condition, had not been closed, and that while appellee and appellant's servants were endeavoring to close the door, another train of appellant was run in upon the switch in a negligent manner, at a high rate of speed; that there was a space of only eight feet between the side and main tracks, and that about the time the train came in on the side-track the train on which appellee was a passenger started out, and in returning along the space between the two trains to his caboose he was struck and injured.

Complaint is made by appellant of all the instructions given by the trial court in behalf of appellee. The objections urged, however, are without merit, except as to the ninth instruction. That instruction was clearly erroneous. It was as follows:

"The court instructs the jury that plaintiff was rightfully upon the space between defendant's tracks, at the time the injury complained of occurred, and he had a right to rely upon the directions, if any, given him by defendant's servants in charge of the train, unless he knew he would, in obeying said instructions, recklessly expose his person to danger; and if you find, from the evidence, that plaintiff was injured because of the negligence of the defendant in handling its trains while the plaintiff was in an exposed or dangerous place, and the plaintiff was exercising due care, then you should find the issue for the plaintiff."

It told the jury, as a matter of law, that appellee was rightfully between the tracks. That was a controverted question, and one of the vital points in the case. It should have been left to the jury to determine, from the evidence before them, whether or not he was rightfully there.

Complaint is also made of the action of the trial court in modifying instructions numbered 1, 2 and 3, asked by appellant. The following, without the words in *italics*, are said instructions as asked, which the court modified by adding those words, and then submitted to the jury:

1. "Neither the conductor nor brakeman on a freight train has any authority in law to call upon a passenger to get off the train and assist a trainman in fixing a door of a car. And if a passenger is so requested by a trainman, and does so get off, by means of which the passenger is hurt, it is his own voluntary act, and he cannot recover for such hurt, *unless the injury was caused by other negligence of the defendant.*

2. "Even should you believe, from the evidence, that the brakeman asked plaintiff to get off to help fix the door, yet the plaintiff was under no obligation to obey such request, and if he did so, it was his own voluntary act, and if in so doing he got hurt, *without other fault of defendant*, he cannot recover for such hurt, and you should find the defendant not guilty.

3. "In the absence of notice to the engineers and conductors of each of defendant's trains that plaintiff was in such a position of peril as to be liable to suffer harm by the movement of their trains, then they were not guilty of negligence in running their trains *in the usual manner in which freight trains were operated at Tallula.*"

We can see nothing harmful to appellant in the modification of instruction No. 3. The court erred, however, in modifying Nos. 1 and 2, for, as modified, they authorized a recovery for negligence not charged in the declaration. The negligence charged in the declaration was the

alleged wrongful order of appellant's servants, in obedience to which appellee claimed to have gone into a dangerous place. It was improper to tell the jury that if that charge was not sustained, appellee might recover if "the injury was caused by other negligence of the defendant."

For the errors indicated herein the judgments of the Appellate and circuit courts will be reversed, and the cause remanded to the latter court.

*Reversed and remanded.*