Victoria V. Luse v. The Union Pacific Railway Company.

No. 8754.

1. Negligence — *to start train while passenger alighting.* It is the duty of a railroad company to afford a sufficient time to passengers to alight in safety by the exercise of reasonable care and diligence on their part; and it is negligence on the part of such company to start a train when those operating it know, or by due diligence might know, that a passenger is in the act of alighting.

2. Appellate Practice — *not judgment, but new trial, ordered on reversing judgment non obstante veredicto where trial judge stated in record verdict was wrong.* The question discussed whether judgment should be ordered on the verdict or the cause remanded for a new trial, and *held* that the latter is the proper course.

*Error from Brown District Court.*

*Hon. J. F. Thompson, Judge.*

Reversed and Remanded.     Opinion Filed November 7, 1896.

On April 27, 1891, the plaintiff commenced her action against the defendant to recover damages for personal injuries alleged to have been sustained by her on December 6, 1890, at Leona, Kansas, in alighting from defendant's train, the principal allegation of negligence being that the train was started before she had time under the circumstances to get off. On a trial at November term, 1891, a verdict was returned in favor of the plaintiff for $3,250, and at the same time the jury answered certain particular questions of fact; those in any way bearing upon the question of negligence of either party being as follows, to wit : —

QUESTIONS SUBMITTED BY PLAINTIFF.

"2. On or about the 6th day of December, 1890, was the plaintiff a passenger in defendant's railway train from St. Joseph, Mo., to Leona, Kan.? Ans. Yes.

"3. Did she pay fare for such passage? A. Yes.

"4. Did said train stop at the platform at Leona for the purpose of enabling the passengers to alight therefrom? A. Yes.

"5. As soon as said train stopped at said station, did the plaintiff arise and attempt to leave the car? A. Yes.

"6. Was her passage obstructed by the entry and departure of passengers? A. Yes.

"7. Did she leave said car as soon as she reasonably could? A. Yes.

"8. If her passage from said car had not been obstructed, would she probably have reached the depot platform before said train was started? A. Yes."

"10. As she was coming down the steps from the car to the platform, was said train started? A. She was on the lower step of the car when starting.

"11. In consequence of the starting of said train was the plaintiff thrown onto the platform, or did she fall onto the platform, and was she injured in consequence thereof? A. She was thrown and injured.

"12. Did the plaintiff use reasonable and ordinary care under the circumstances in leaving said car and reaching the station platform? A. Yes.

"13. Was the plaintiff guilty of ordinary negligence in leaving said car or reaching said platform at said station? A. No.

"14. Was the defendant guilty of ordinary negligence in starting said train before the plaintiff had time to alight therefrom? A. Yes.

"15. Did the plaintiff know or discover said train had started when she stepped from the steps of the car platform? A. She did not.

"16. When the plaintiff fell on said station platform, how did she strike — on her back, or on her side? A. On her side.

"17. When she left said car and fell on said station platform did she have her child in her arms? A. Yes.

"18. Was she hurt by her fall and has she ever since suffered pain in her back in consequence thereof? A. Yes."

QUESTIONS SUBMITTED BY DEFENDANT.

"1. Did not the train stop at the station the usual length of time to permit passengers to get off and on the train and to unload the baggage and express matter? Ans. Yes.

"2. Did not the niece of plaintiff alight from the train without difficulty? A. Yes.

"3. Was not the plaintiff prevented from getting off the train promptly by a man by the name of Walters, who stood in front of her talking to some person, while the train was stopping at Leona? A. Yes.

"4. About how far had the train moved at the time the plaintiff stepped from it? A. Just starting.

"5. At the time the plaintiff stepped from the train did she not have her six-weeks-old baby in her arms, and did she not step off toward the rear of the car and fall on her side? A. She had her six-weeks-old baby in her arms; did not step toward the rear of the car, and was thrown on her side."

"7. About how fast was the train moving at the time plaintiff stepped from it? A. Just starting.

"8. Did plaintiff walk down the steps of the car with her baby in her arms after the train was in motion and step off the train and toward the back of it while the train was still in motion, and fall upon her side on the platform? A. She did not."

On the same day the defendant filed a motion for judgment in its favor upon the special findings of the jury notwithstanding their general verdict, and also a motion for a new trial. The following is a copy of the journal entry disposing of said motions and also of a motion filed by the plaintiff for judgment in her favor, to wit: —

"And now on this 4th day of December, 1891, came on the motion of the defendant, the Union Pacific Railway Company, for judgment on the special findings of the jury, as on file of November 14, 1891, which upon argument of counsel and consideration by the court, is sustained, the plaintiff duly except-

ing. And also came on the motion of the defendant, the Union Pacific Railway Company, to set aside the verdict and for a new trial, and the court is of opinion, that the general verdict in this cause is not sustained by sufficient evidence, and is contrary to the evidence; but inasmuch as the motion for judgment on the special findings has been sustained, and for that reason only, said motion for a new trial is overruled; to which ruling of the court, the defendant then and there duly excepted. And thereupon on the same day the plaintiff filed her motion to set aside said judgment, as on file December 4, 1891, which coming on to be heard and being argued by said counsel is by the court overruled; the plaintiff duly excepting."

Judgment was thereupon rendered in favor of the defendant and against the plaintiff for costs.

*C. D. Walker*, and *A. F. Martin*, for plaintiff in error.

*A. L. Williams*, *N. H. Loomis*, and *R. W. Blair*, for defendant in error.

MARTIN, C. J. I. The Court erred in sustaining the motion of the defendant for judgment in its favor upon the findings of the jury notwithstanding their general verdict. The findings show that the defendant was guilty of ordinary negligence in starting its train before the plaintiff had time to alight therefrom, and that she exercised due care in attempting to leave it and in stepping therefrom just as it was 1. Negligence to start train, when. starting and before she had knowledge that it was in motion. The care of her babe and the entry and departure of other passengers retarded her egress, but the jury must have found that she was not at fault for the delays occasioned thereby.

It is the duty of a railroad company to afford a sufficient time to passengers to alight in safety by the

exercise of reasonable care and diligence on their part. *Jeffersonville Rld. Co. v. Hendricks, Adm'r*, 26 Ind. 228 ; *J. M. & I. Rld. Co. v. Parmalee, Adm'r*, 51 id. 42 ; *Pennsylvania Rld. Co. v. Kilgore*, 32 Pa. St. 292 ; *Keller v. Sioux City & St. Paul Rld. Co.*, 27 Minn. 178, 181 ; *Southern Rld. Co. v. Kendrick*, 40 Miss. 374 ; *Straus v. K. C. St. J. & C. B. Rld. Co.*, 75 Mo. 185. The mere fact that the train stopped the usual length of time is not sufficient to show negligence of the plaintiff nor due diligence of the defendant ; for the circumstances may have required a longer stop on that day than usual, and it was a question for the jury to determine whether the stop was reasonably sufficient or not.   The rule is well stated by Chief Justice GILFILLAN in the case above cited from 27 Minn., as follows : —

" When the cars stop at a passenger's place of destination it is his duty to leave the car without unnecessary delay, and the company's to give him a reasonable opportunity to do so with safety.   The exact length of time to be given must depend very largely upon circumstances.   .   .   .   It certainly would not be permissible for them to be so reckless of the lives and limbs of passengers as to start the trains when they know, or with reasonable care might know, that passengers are in the act of alighting."

The defendant lays much stress upon question three submitted by it and answered by the jury as to the conduct of Walters.   The evidence shows that Walters was a passenger whose destination was also Leona ; and although this fact does not appear in the findings, yet the answer to said question three is not inconsistent with the answer to question six submitted by the plaintiff, and Walters was perhaps only one of several who obstructed the plaintiff's way and contributed to her detention.   The defendant cites

several cases where railroad companies have been exonerated from liability to passengers for injuries occasioned directly by the independent act or omission of a third person, but these are manifestly inapplicable.

II. The only other question in the case is whether judgment should be entered in favor of the plaintiff or the case remanded for a new trial. The writer is of the opinion that the proceedings of the Court upon the motion for a new trial were erroneous and should be disregarded; and that judgment should be entered for the plaintiff upon the general verdict, the same being in accord with the answers of the jury to the particular questions of fact. We all agree that a defendant may file a motion for a favorable judgment on the findings and a motion for a new trial at the same time; but as both cannot be granted, the writer is of the opinion that the allowance of either ought to operate as a withdrawal of the other; at least the court should not rule upon the latter. To sustain the defendant's motion terminating the case in his favor, and then entertain another motion of the defendant to set aside the judgment just obtained and for a new trial, and allow the defendant the benefit of an exception on overruling it, is certainly a lowering of the dignity of a court that ought not to be encouraged. A party should not be permitted to rely in one breath upon findings of fact as true, and, 2. Not judgment but new trial ordered, when. obtaining a favorable ending of the case on that assumption, in the next, challenge them as false, and be allowed an exception when the court adheres to the former ruling in favor of the defendant by refusing to set it aside on such motion for a new trial. With the view entertained by the trial court the defendant should have been given an

election to take a new trial, or stand upon the favorable judgment on the findings of fact. A court ought not to allow a party the benefit of two inconsistent and contradictory positions in the same lawsuit. *Plow Co. v. Rodgers*, 53 Kan. 743; *National Bank v. National Bank*, ante, p. 115. It may be maintained that a particular moment of time was noon or midnight, but when a party asserts that it was both, the court ought neither to listen to him nor grant him the benefit of each assumption as against the other.

The writer does not understand that his associates consider it proper practice for the court to rule upon a defendant's motion for a new trial after it has already rendered judgment in his favor upon the findings of fact notwithstanding the general verdict; but they say the journal entry shows that the general verdict did not receive the approval of the trial court, and for this reason no judgment ought to be rendered thereon; and that this principle is well established in this state. *Richolson v. Freeman*, 56 Kan. 463, and cases cited. In all these cases, however, the motions for a new trial required and demanded the consideration of the trial court; and the reasons for judicial action therein being stated in the record, and exceptions being properly taken and preserved, it became incumbent on this Court to consider them. If in any of these cases no motion for a new trial had been filed, or if the overruling of such motion had not been excepted to, then all alleged errors of law occurring at the trial for which a new trial might be granted would have been waived. *City of Atchison v. Byrnes*, 22 Kan. 65. The condemnation of the verdict by the trial judge, although appearing in the journal entry, would be disregarded by this Court; for it would constitute no legitimate part of the record. In the present case, the

writer believes that the action of the Court in passing upon the motion for a new trial and in allowing an exception to the ruling was improper and unwarranted, and, therefore, the reasons for the action of the Court should be disregarded.

But the majority of the Court being of opinion that the reasons for the action of the trial court as stated in the journal entry should not be ignored, the judgment of the District Court will be reversed and the cause remanded for a new trial.

ALLEN, J.  In this case the defendant contended that the verdict was not supported by the evidence, and also that under the law it was entitled to judgment against the plaintiff on the answers of the jury to the special questions submitted.   These contentions are not necessarily inconsistent.   Both may be sound. To present both questions to the trial court, the defendant filed two motions : one to set aside the verdict and grant a new trial, the other for a judgment in its favor on the special findings.   If the case terminated in the District Court there would be no necessity for considering both motions if one should be sustained.

In this case the Court held that on the facts found the law was with the defendant, and rendered judgment accordingly.   It is true that so far as that court was then concerned there was no occasion to pass on the motion for a new trial, for the defendant had obtained all that it could gain by a new trial without the trouble and expense attending one.   But this Court holds against the defendant on the law, and it now becomes of vital importance whether the findings are right or wrong.   Whether the trial court would have been warranted in requiring the defendant to elect on which

motion it would rely, or in refusing to consider the motion for a new trial at all after granting the defendant's motion for a judgment it is not necessary now to decide. The trial court saw fit to overrule the motion for a new trial and to state its reason for doing so, and in that connection has incorporated in the record a statement "that the general verdict in this cause is not sustained by sufficient evidence and is contrary to the evidence." There is no instance that I am aware of in which it has been held that a reviewing court would direct a judgment to be entered on a verdict which the trial court has solemnly asserted is contrary to the evidence. This Court from the earliest days has steadily adhered to the rule that "if the verdict does not meet with the approval of the trial court it should be set aside and a new trial granted." *Richolson v. Freeman*, 56 Kan. 463.

While the jury are the triers of the facts, the judge who presides at the trial also hears the evidence and sees the witnesses. He has the power, and it has often been declared to be his duty, to set the verdict aside if it is not in accord with the evidence. *K. C. W. & N. W. Rld. Co. v. Ryan*, 49 Kan. 1, and cases cited. To direct a judgment on the verdict in this case would be to require the rendition of a judgment against the defendant on a basis which the trial court has said is untruthful.

Whether the trial judge ought or ought not to have incorporated the statement in the journal entry, under the circumstances, does not seem to me a matter of first importance. We are notified by the record that in his judgment the matters found by the jury are not facts but falsehoods. With such a notification, whether formal or informal, the Court certainly ought to hesitate long before ordering a judgment on such a

24—57 KAN.

foundation.   It is only "when it does not appear, by exception or otherwise, that such findings are against the evidence in the case" that this Court is required to direct judgment to be entered on the facts found. § 559, Code.

I am authorized to say that Mr. Justice JOHNSTON concurs in these views.