## No 13,196.

Mrs. Ella Kennon vs. Vicksburg, Shreveport & Pacific Railroad Company.

### SYLLABUS.

Railroad companies have no right to start a train off prematurely while a lady passenger, encumbered with bundles, is properly standing on the platform to alight, rendering it more difficult, if not dangerous, to return into the coach, than if it were standing, and then insist, in case of her being thrown from the car, that she should affirmatively and directly show that this was the result of some act of the company, then and there occurring, and not the result of her awkwardness, or clumsiness, or of accident.

They have no right to place the passenger in a position of increased difficulty or danger, and, if they do so, they assume the risk (in the absence, at least, of affirmative proof of carelessness, or negligence, on the part of the passenger), that she can and will get back in safety.

ON APPEAL from the Second Judicial District Court for the Parish of Webster. *Watkins, J.*

*A. J. Murff* for the Plaintiff and Appellee.

*Wise & Herndon* for the Defendant and Appellant.

Argued and submitted June 1, 1899.
Opinion handed down June 12, 1899.
Rehearing refused June 27, 1899.

The opinion of the court was delivered by

NICHOLLS, C. J.   Plaintiff sued the defendant for five thousand dol-lars damages for personal injuries received by her being thrown while a passenger, from the platform of one of the cars of a train belonging to and operated by the defendant company.

The fall and injuries are alleged to have been caused by the negli-gence of the officers of the defendant company.

The demand is predicated upon averments that in May, 1898, she boarded as a regular passenger, the regular west bound train of the defendant company, under the control of Mr. Hood as conductor, that he took up the ticket which she had procured for Dubberly, La., and when the train reached that station, which was a regular stopping place on said road, it stopped as usual for passengers to alight.

That as soon as it stopped, she rose from her seat, which was a few seats from the front door of the ladies' coach, and with her bundles proceeded to the front of the car to alight.

That just as she stepped upon the first step to alight, the train began to move.

As the ladies' car had not reached the platform, she supposed the train was pulling up where it would be more convenient to alight. That she stood there awaiting the stop, but instead of stopping, the train passed the depot and increased its speed; that she called to the depot agent to have the train stopped, but it kept moving faster, and just as she turned to go back in the car to ring the bell, the car gave a sudden quick start and she lost her balance, and having her bundles in her arms, fell from the step of the car platform to the ground, a distance of eight or ten feet.   That the fall was a very violent one, her neck and shoulders striking the ground first.

That her hand was terribly lacerated upon the slag on the side of the track, and her spinal column was painfully and permanently in-jured by the fall, from which she had suffered ever since.   That in addition to these, she had suffered other internal injuries from which she had suffered much pain, and from which she verily feared she would never wholly recover.   That she was a widow with a child of tender years to support.   That she had no means of support for her-self and child except that of dress making.   That she was just build-ing up a nice trade by which she was making little more than a com-petency.   That after her fall she was physically unable to return to her work and was confined to her bed for several days and she had

been ever since totally unable on account of her spinal, and other internal injuries, to do any work, and was forced to close her milliner shop and lose her trade and business.

That the fall above referred to was caused by the gross carelessness and negligence of the employees of defendant company, in the conductor not being present to superintend the alighting of passengers and in starting the train before passengers had time to alight. That she acted prudently and made no unnecessary delay in alighting from the car. That the stop was very short and not sufficient for a passenger to alight.

She set out her damages in detail as follows:

1. For acute suffering from her lacerated hand and bruise on her shoulder and back and spine......................$1,000
2. For injury to her spinal column and other internal injuries..$2,500
3. For loss of time and business........................$ 500
4. For doctor's bills and other expenses ... ... .. .. .. ..$ 200
5. For punitive and exemplary damages.....'..............$ 800

Total ...........................................$5,000

Defendant pleaded the general issue.

It admitted that Dubberly was a regular station on its line and that its train stopped as usual for its passengers to alight, and averred that there was plenty of time for all passengers to alight and that the conductor gave sufficient warning for all, but that plaintiff stopped on the platform unnecessarily and did not attempt to get off, but after the train had resumed its trip and proceeded fully two hundred feet, and was then running at a speed of not less than six miles per hour, she negligently and imprudently jumped from the train and thereby caused by her own imprudent action the accident of which she complains and for which it is in no sense responsible.

The jury rendered a verdict in favor of the plaintiff for two thousand dollars, and judgment was rendered accordingly.

After an unsuccessful attempt to obtain a new trial, defendant appealed.

## OPINION.

The plaintiff was a passenger on defendant's train, having purchased a ticket from Arcadia to Dubberly.

The train was going west. There are at Dubberly two platforms,

a main platform opposite the depot building, and a small one some twenty to twenty-five feet or more east of the first.

On the day in question the train stopped at Dubberly, in manner such as to throw the ladies' coach east of the smaller depot platform at a point where it was not usual nor would it have been proper to have required lady passengers to alight. The plaintiff occupied the third seat from the front of the ladies' coach and left it promptly when the station was reached. Just after she had reached and was standing upon the platform of the coach, with an umbrella and several bundles in her hands, the train moved slowly out and the plaintiff, thinking that it was moving forward to stop at the main depot, remained standing upon the platform near the steps.

Instead of stopping, the train continued to move west with increasing speed.

As the plaintiff was passing the main depot she motioned or waved to the depot agent to have the train stopped, but the train went on.

Finding that she was not to be landed, plaintiff, a few steps west of the depot, turned to go back into the coach, lost her balance and fell with great violence from the moving car to the ground, a distance of seven or eight feet.

In falling she struck heavily upon her shoulders and the back of her head, and painfully hurt her hand. Dr. Smith, a physician who happened to be on the platform at the time, went immediately to her assistance, and she was taken at once to the house of her brother-in-law, a resident of Dubberly, where she remained for a considerable time under treatment.

There can be no doubt that she suffered very severely from her injuries. As usual in such cases, the claims of the one side are charged by the other, to have been grossly exaggerated, while the witnesses of the latter are alluded to in no very complimentary manner.

The evidence established that plaintiff, prior to the accident, was an exceptionally healthy woman, and that immediately thereafter she was affected with serious physical troubles of character such as were naturally referable to a fall or shock.

Some of the troubles were internal and it is suggested that there might be some feigning in the matter on the part of the plaintiff, but we see nothing in the record which would warrant any such inference.

The plaintiff is a widow, about thirty-four years old, having one

FIFTY-FIRST ANNUAL REPORTS, 1899. 1603

Kennon vs. Vicksburg, Shreveport & Pacific R. R. Co.

child, six years old. She is a dress maker and dependent upon her labor for support.

Since her accident she has been unable to resume work and her establishment has been closed. It is doubtful whether she will be able to open it again, but if she does, her capacity for work will have been, we think, greatly lessened.

She is affected in a manner such as to make machine sewing especially trying and injurious. The physicians say that the actual final result is of course a matter of doubt, as she may become as healthy and strong as she ever was. She had not recovered at the time of the trial; though her condition had considerably improved from what it had been.

The conductor on the car frankly acknowledged that he had overlooked plaintiff's ticket and had forgotten or did not know when the train reached Dubberly that there was a lady passenger to alight at that point. The porter on the car said he had not been notified of that fact.

Neither conductor nor porter was present, as she had the right to expect they would be, to render her assistance in alighting. As it was, she had to do so as best she could. We are satisfied the train did not stop long enough to have given the plaintiff a reasonable time to alight. The forgetfulness of the conductor furnishes an explanation for this fact. Defendant's officers and employees were without doubt guilty of negligence in the premises. There is not a word in the testimony going to show contributory negligence on the part of the plaintiff.

She had the right to go upon the platform at the time she did, and to remain there, under the circumstances she did so. The train commenced to move forward after she had gotten upon the platform; she had reason to suppose that it would stop at the main platform of the depot, and when it passed it she had no alternative but to turn and go back into the ladies' coach. There is not a syllable in the testimony to justify us in supposing that the plaintiff jumped from the car. The defendant argues that there is no direct evidence before the court to show how or why the plaintiff came to fall; that it was her duty to establish affirmatively and with certainty the precise circumstance which caused her to fall.

We understand the argument to be that granting the company was at fault, in not having some one present when the train stopped to

assist plaintiff in alighting; granting that it was at fault in not stopping the train long enough for plaintiff to alight; and in starting. the train as it did; granting the plaintiff to have been rightfully on. the platform, at the time she fell, still she can not recover damages unless she shows that while standing on the platform, under the circumstances she was, some act on the part of the company then and there occurring, had caused her to lose her balance and fall; that if for instance, she was awkward or clumsy herself in her movements or fell over one or more of her bundles in attempting to pass on, the company was not responsible for such circumstance; that the prior situation was a mere "condition" of things which did not *per se* cause injury, and that if no injury would have resulted but for her own sugsequent act, then the former situation was the remote cause, and her own act the proximate cause of the accident.

We are aware of the fact that when an accident happens directly and at once to a passenger, upon a train, instead of to one of the appliances of the train and then to the passenger, that the plaintiff claiming damages does not present himself under as favorable circumstances for a verdict as he would under the second conditions of things, for his own actions in the premises might enter largely as a factor in producing the injury; but in the case at bar there is not, as we have said, anything to intimate that plaintiff was guilty of contributory negligence and there were circumstances shown sufficient to furnish a basis for the jury to believe that the accident was occasioned directly by the acts of the defendant, not remote, but present acts.

We are inclined to think that the engineer in putting on increased steam after the train first started, did not do so in a sufficiently gradual manner, and that the effect of his not having done so could well have been to throw the plaintiff, then standing on the edge of the platform, off her balance.

But railroad companies have no right to start a train off while a lady passenger, encumbered with bundles, is properly standing on a platform to alight, rendering it more difficult, if not dangerous, for her to return into the coach than if the train were stopped, and then insist in case of her being thrown off from the car, that she should affirmatively show that it was the result of some act of the company then and there occurring, and not the result of her own awkwardness or clumsiness, or of accident. They have no right to place their passengers in a position of increased difficulty or danger, and if they

do so, they assume the risk (in the absence at least of affirmative proof of negligence or carelessness on the part of the passengers) that she can and will get back in safety.

The evidence in this case is such that we would not be warranted in setting aside the verdict of the jury, fortified, as it is, by the concurring opinion of the District Court in the correctness of their conclusions, even were we to have some doubt ourselves, as to the same, but in this case we have no such doubt.

For the reasons assigned the judgment appealed from is affirmed.

Rehearing refused.