(111 N. W. 615.)

---

VANNIE A. HALL v. NORTHERN PACIFIC RAILWAY CO.

Opinion filed March 12, 1907.

**Negligence — Pleading — Plaintiff Must Recover, If at All, on Act Complained of.**

1. A complaint in an. action to recover damages for negligence must state the act of negligence complained of, and the plaintiff must recover, if at all, upon the particular act of negligence stated in the complaint.

**Carriers — Question of Negligence Submitted to Jury.**

2. Evidence examined, and *held* to be sufficient, under the rule heretofore established by this court, to require a submission to the jury of the question of defendant's negligence as alleged in the complaint.

**Same.**

3. It was properly a question for the jury to say under all the evidence whether or not plaintiff was guilty of negligence contributing to the injury complained of.

Appeal from District Court, Eddy County; *Burke, J.*

Action by Vannie A. Hall against the Northern Pacific Railway Company. Judgment for defendant, and plaintiff appeals.

Reversed.

*S. L. Glaspell,* for appellant.

Where the evidence is in doubt, or in conflict, or when different inferences may be drawn from undisputed evidence, the suit should be submitted to the jury. Cameron v. Great Northern R. Co., 8 N. D. 124, 77 N. W. 1016; Hove v. Chicago & N. W. Ry. Co., 62 Wis. 666; Detroit & Milwaukee Ry. Co. v. Steinberg, 17 Mich. 99;

Sioux City & Pac. Ry. Co. v. Stout, 17 Wall. 657, 21 L. Ed. 745; Pirie v. Gillitt, 2 N. D. 255, 50 N. W. 710; Williams v. Northern Pacific Ry. Co., 3 N. D. 168, 14 N. W. 97; Slattery v. Donnelly, 1 N. D. 264, 47 N. W. 375; Falk Brewing Co. v. Millenz Bros., 5 Dak. 136; Finney v. Northern Pac. Ry. Co., 3 Dak. 270, 16 N. W. 500; Knight v. Towles, 62 N. W. 964; Matton v. Fremont, V. & M. V. R. Co., 60 N. W. 740; Bates v. Fremont V. & V. R. Co., 57 N. W. 72; Chicago City Ry. Co. v. Nelson, 74 N. E. 458; State v. Johnson, 103 N. W. 565.

A carrier must allow his passengers a reasonable time to get on and off. 2 Sherman & Redfield on Negligence (4th Ed.), Sec. 508; Chicago, B. & Q. Ry. Co. v. Landauer, 54 N. W. 976; Leggitt v. Western Ry. Co., 21 Atl. 96, 143 Pa. St. 43; Lloyd v. Hannibal R. Co., 53 Mo. 509; Kellar v. S. C. & St. P. R. Co., 6 N. W. 486; Kennon v. Vicksburg S. & P. R. Co., 26 So. 466; Nichols v. Dubuque & D. R. Co., 28 N. W. 44.

On motion for directed verdict the court is bound to construe the evidence most favorably to the plaintiff. Colgrove v. N. Y. & N. H. R. Co. and N. Y. & Harlem R. Co., 20 N. Y. 492; Ellis & Martin v. Ohio Life Ins. & Trust Co., 4 Ohio St. 645; Bullard v. Boston & M. R. R., 5 Atl. 838; Hoye v. C. & N. Ry. Co., 62 Wis. 666; Falk v. N. Y. S. & W. R. Co., 29 Atl. 157.

Where there is a conflict of testimony the question whether the plaintiff is guilty of contributory negligence is for the jury. Filer v. N. Y. Cent. Ry. Co., 49 N. Y. 47; Washington & G. R. Co. v. Tobriner, 147 U. S. 557; Morgan v. Southern Pac. Co., 30 Pac. 601; Pittsburg Ry. Co. v. Kane, 6 Atl. 845; Bucher v. N. Y. C. R. Co., 98 N. Y. 128; Brooks v. Boston & M. Ry., 135 Mass. 21; Terre Haute & I. Ry. Co. v. Buck, 96 Ind. 346, 49 Am. Dec. 168; 6 Wait's Actions & Defenses, 584.

It is not contributory negligence to get on or off a moving train, but the same is a question for the jury. Eppendorf v. Brooklyn City Ry. Co., 69 N. Y. 195; Bartholomew v. N. Y. Cent. Ry. Co., 102 N. Y. 716; Chicago West Div. Co. v. Mills, 105 Ill. 63; Mulhado v. Brooklyn Ry. Co., 30 N. Y. 370; Lewis v. President, etc., Delaware & H. Canal Co., 40 N. E. 248; Staines v. Cent. Ry. Co., 61 Atl. 385; Bartholomew v. N. Y. Cent. Ry. Co., 7 N. E. 623; Cousins v. Lake Shore & M. S. Ry. Co., 56 N. W. 14; Raben v. Cent. Iowa Ry. Co., 34 N. W. 621; Shannon v. Boston & A. R. Co., 2 Atl. 678; Delaware & Hudson Canal Co. v. Webster, 6 Atl. 41;

Filer v. N. Y. Cent., 49 N. Y. 47; Carr v. Eel R. & V. Ry. Co., 33 Pac. 213; St. Louis & S. Ry. Co. v. Ratby, 87 S. W. 407; Chicago & A. R. Co. v. Byrum, 38 N. E. 578; St. Louis, I. M. & S. Ry. Co. v. Persons, 4 S. W. 755; Christensen v. Metropolitan St. Ry. Co., 137 Fed. 708; Scofield v. C., M. & St. P. Ry. Co., 114 U. S. 615, 29 L. Ed. 224.

*Ball, Watson & McClay,* for respondent.

Plaintiff must make out his case by proof of the negligence alleged. Flint, etc., Ry. Co. v. Stark, 38 Mich. 714; Manuel v. C., R. I. & P. R. Co., 10 N. W. 237; Carter v. Kansas City, etc., R. Co., 21 N. W. 607; Miller v. Chicago & N. W. R. Co., 23 N. W. 756; Pennington v. Detroit, G. H. & M. Ry. Co., 51 N. W. 634; Cowan v. Muskegon Ry. Co., 48 N. W. 166; Price v. Railroad, 72 Mo. 414; Waldhier v. Railroad, 71 Mo. 514; Ohio, etc., Ry. Co. v. Stratton, 78 Ill. 88; Illinois, etc., Co. v. Chambers, 71 Ill. 519; C., B. & Q. Ry. Co. v. Bell, 112 Ill. 360; Toledo, etc., Co. v. Foss, 88 Ill. 551; Chicago & A. R. R. Co. v. Rayburn, 38 N. E. 558; Santa Fe & P. & P. Ry. Co. v. Hurley, 36 Pac. 216.

The train being held long enough for all passengers to alight, it will be presumed that they had gotten off. Raben v. Cent. Iowa R. Co., 35 N. W. 645; Ill., etc., R. Co. v. Slatton, 54 Ill. 133; Straus v. R. Co., 80 Mo. 220.

If a passenger requires a longer time he must give notice. New Orleans, etc., Co. v. Statham, 97 Am. Dec. 478.

A railway company is not liable for injuries caused by others, when not acting in concert with them. Chicago, etc., Ry. Co. v. Scates, 90 Ill. 586; Sherman & Redfield on Negligence, Sec. 11, 5th Ed.

A carrier is not responsible for unforseen circumstances. Transportation Co. v. Harper, 118 Ga. 672, 45 S. E. 458; Cleveland v. Steamboat Co., 86 N. Y. 306, 89 N. Y. 627, 125 N. Y. 299; Dumas v. Ry. Co., 43 S. W. 908; Furgason v. Citizens' St. Ry. Co., 44 N. E. 936.

A passenger leaves a train in motion at his own peril. Ohio, etc., Ry. Co. v. Stratton, 78 Ill. 88; Chicago, etc., Ry. Co. v. Randolph, 53 Ill. 510; Ill. Cent. Ry. Co. v. Chambers, 71 Ill. 519; Davis v. N. W. R. Co., 18 Wis. 175.

FISK, J. Plaintiff brought this action to recover damages for alleged negligence of defendant resulting in injuries to her while

in the act of alighting from one of defendant's passenger trains at Sheyenne in this state, in April, 1904. At the close of the evidence the trial court, on defendant's motion, directed a verdict in defendant's favor, and this appeal is from the judgment entertained pursuant thereto.

Appellant assigns as error the ruling of the court in directing such verdict. The evidence is incorporated in a statement of case duly settled, from which we are required to say, according to the well-settled rule in this court, "whether there is any competent evidence in the record reasonably tending to sustain the plaintiff's cause of action alleged in her complaint," and in determining this question we are to disregard all conflicts in the evidence and construe the same most favorably to the plaintiff, and, "if the evidence is such that intelligent men may fairly differ in their conclusions thereon upon any of the essential facts of the case," it is our duty to reverse the judgment and order a new trial. Cameron v. G. N. Ry. Co., 8 N. D. 124, 77 N. W. 1016; Vickery v. Burton, 6 N. D. 253, 69 N. W. 193; McRea v. Bank, 6 N. D. 353, 70 N. W. 813; Pirie et al. v. Gillitt et al., 2 N. D. 255, 50 N. W. 710; Zink v. Lahart, 16 N. D. 56, 110 N. W. 931. Plaintiff in her complaint, after alleging the fact that the defendant is a railroad company and engaged as a common carrier of passengers between Jamestown and Leeds, and alleging that she was a passenger on defendant's train on April 6, 1904, bound for Sheyenne, states her cause of action as follows: "That on said trip and on said date she conducted herself in due care and caution as a railroad passenger, but the defendant, by its negligence and by the negligence of its employes, the conductor and engineer of said train, committed gross negligence in the performance of their duties in carrying this plaintiff as a passenger, to wit: that said train stopped at the station of Sheyenne that date to permit this plaintiff and other passengers to alight from said train, the said station of Sheyenne being the point of their destination. This plaintiff alleges that upon the arrival at the station of Sheyenne aforesaid, the train was stopped opposite the station house, and adjacent to the platform between the station house and the railway track, and the announcement was made by the servants in charge of said train that the station, Sheyenne, was at hand; the train being at a standstill. At that point this plaintiff attempted to alight, using all due care in her movements. While stepping down the steps of the car platform to reach the station platform, the train was started. As the plain-

tiff was in the act of stepping off, the train was started by the servants of the defendant with great violence and shock, throwing the plaintiff violently at full length upon her side and body upon the platform, so as to cause her great pain and injury," to her damage, etc. The answer admits defendant's corporate capacity, and that plaintiff was a passenger upon its train as alleged, but denies the other matters alleged in the complaint, and it alleges that, if plaintiff was injured, she contributed to such injury by her own negligence in attempting to alight from the train while the same was in motion. It will be seen that the particular negligence relied upon by the plaintiff in her complaint is the act of the defendant through its servants in starting the train while plaintiff was in the act of stepping from the car to the depot platform. The allegation that the train was started "with great violence and shock" merely goes to the degree of defendant's culpable act. We are to determine, therefore, whether there is any evidence in the record reasonably tending to support this allegation; for it is well settled that plaintiff's right to recover must depend upon the fact as to whether or not she has established her cause of action as alleged. As counsel for defendant very properly asserts, she cannot recover upon a claim of negligence not pleaded. Flint, etc., Ry. Co. v. Stark, 38 Mich. 714; Manuel v. Railway Co., 10 N. W. 237, 56 Iowa 655; Carter v. Railway Co., 21 N. W. 607, 65 Iowa 287; Miller v. Railway Co., 23 N. W. 756, 66 Iowa 364; Pennington v. Railway Co., 51 N. W. 634, 90 Mich. 505; Cowan v. Muskegon Ry. Co., 48 N. W. 166, 84 Mich. 583; Price v. Railroad Co., 72 Mo. 414; Ill Cent. Ry. Co. v. Slatton, 54 Ill. 133, 5 Am. Rep. 109; Ohio, etc., Ry. Co. v. Stratton, 78 Ill. 88; C., B. & Q. Ry. Co. v. Bell, 112 Ill. 360; Toledo, etc., Ry. Co. v. Foss, 88 Ill. 551; Chicago, etc., Ry. Co. v. Rayburn, 38 N. E. 558, 153 Ill. 290.

Counsel for respondent earnestly contend, however, that there is no evidence from which a jury could find that defendant was guilty of the negligent act charged; and hence they insist that the action of the trial court in directing a verdict must be sustained. We think counsel are mistaken in their contention that plaintiff alleged one cause of action or ground of negligence, and sought to prove another. As before stated, the particular act of negligence complained of consists in starting the train while plaintiff was in the act of stepping therefrom, but counsel seem to think that plaintiff's proof at the trial, if it proved anything, merely tended to show that defend-

ant was negligent in not giving plaintiff sufficient time in which to make her egress from the car, and that she relies upon this ground for recovering rather than the ground pleaded. It is true that much of plaintiff's testimony had but a remote bearing upon the real issues involved, but we are of the opinion from a careful reading of the testimony, that there was sufficient evidence introduced bearing upon the issues raised by the pleadings to require a submission of the case to the jury. The plaintiff testified: "The train was not moving before I attempted to step off. It was not moving before I moved one of my feet to step on the platform. As near as I can tell and remember, it was at the moment when I had lifted a foot to step off, and the other foot was on the steps, that the train started. Q. Did the train move at all until after you fell? A. Yes, sir, the train starting is what threw me. It was the motion of the train that caused me to fall. Q. As I understand, then, at the present time you say that the cause of your accident was really because of the fact that you were hindered in passing out of the door by the passengers standing in the aisle? A. Partly that."

Henry Flaskrood, a witness for the plaintiff, testified: "Saw Miss Hall fall on the platform. When the train stopped, I was standing on the platform. Q. What did you see on the platform? A. Three ladies were standing in the doorway, and a gentleman standing on the foot of the steps, with one hand on each side of the coach. Q. What happened next? They were standing there talking, and Miss Hall couldn't get through and finally she kind of squeezed herself through, and got between the car and the ladies, and just at the time she was on the second step, and was going to get off, the car moved. I couldn't say if the engine bell rang. She fell about four feet away from the car. It looked as though she struck hard. It was not running very fast when she got off, but still it was moving. The train began to move as she was about on the second step of the platform. There are two or three steps to the platform, I think, and she was on the second step from the bottom. At that time I saw a man standing on the last step, with a hand on each rail. He either moved or dropped off to let her get by, or so she could get by. If he had held his hands there, she would have fallen against him. He either raised or dropped his hands. She then fell off the second step from the bottom and fell onto the platform."

Henry Kermott testified: "I was standing between the train and the depot when Miss Hall fell, a little to the north of the step from which she was descending. I saw her fall. I saw her standing at the car door, and next I saw her she was just kind of lunging; she fell. I think she was attempting to get off the car. She was at the door and there was a crowd on the platform—some men, girls or women. The next thing I saw she was falling, and I helped pick her up. She fell straight out as though she was pitched out. Her whole body on the platform. It was a severe fall. There was no brakeman or conductor at the steps that I saw. I should judge she fell from the second step of the car platform."

Plaintiff being recalled, testified: "It was the starting of the train that threw me. The train was not moving when I got down the steps to get off, and when it started it threw me."

There was evidence tending to show that no warning was given before starting the train, and we are unwilling to say that the jury might not have inferred from all the circumstances that defendant's servants in charge of the train should have known, if they had been exercising due care, that plaintiff was in the act of alighting from the car at the time the train was started.

While the testimony nowhere expressly shows that the train was started with "great violence and shock" as alleged, or in any manner other than the usual manner, still, we think, from the whole testimony, the jury as reasonable and intelligent men might have fairly drawn the conclusion therefrom on account of the way in which the accident occurred, and all the circumstances appearing from the evidence, that the train was started in a sudden and reckless manner, and without warning, in disregard of the duty which defendant owed looking to the safety of its passengers. The defendant was in duty bound to afford plaintiff a reasonable opportunity to alight from its train in safety, and if, as alleged in the complaint, it failed to do so—in other words, if by reason of the carelessness of its servants in suddenly starting its train without warning while plaintiff was in the act of stepping therefrom, she, without carelessness on her part, fell and was injured—defendant would be liable, provided its servants in charge of the train knew or ought to have known, in the exercise of due care, that plaintiff was thus in the act of alighting therefrom. As stated by Chief Justice Gilfillan in Keller v. Railway Co., 27 Minn. 178, 6 N. W. 486: "It would certainly not be permissible ror them to be so reckless of the lives and limbs of pas-

sengers as to start the train when they know, or with reasonable care might know, that passengers are in the act of alighting." See generally upon the duty which a common carrier owes to its passengers in this respect, Rev. Codes 1905, section 5629; Luse v. Union Pac. Ry. Co., 46 Pac. 768, 57 Kan. 361; 3 Thompson on Law of Neg., sections 2682, 2802, 2860, and cases cited; Falk v. N. Y. Cent., etc., Co., 29 Atl. 157, 56 N. J. Law, 380; C., B. & Q. Ry. Co. v. Landauer, 54 N. W. 976, 36 Neb. 642; Leggitt v. Railway Co., 21 Atl. 996, 143 Pa. 39; Lloyd v. Railway Co., 53 Mo. 509; Kennon v. Railway Co., 26 So. 466, 51 La. Ann. 1599; Nichols v. Railway Co., 28 N. W. 44, 68 Iowa 732; Taber v. Railway Co., 71 N. Y. 489; Coudy v. Railway Co., 85 Mo. 79; Santer v. Railway Co., 66 N. Y. 50, 23 Am. Rep. 18; Millman v. Railway Co., 66 N. Y. 642; Keating v. Railway Co., 49 N. Y. 673; Wood v. Railway Co., 49 Mich. 370, 13 N. W. 779; The latter case was very similar to the case at bar and a recovery by plaintiff was sustained. In Keating v. Railway Co., supra, it was held negligent to start a train with "a violent jerk and without any signal, and without any examination by those in charge to ascertain whether any one was getting on or off." We concede the correctness of the rule contended tor by defendant's counsel that, if the train was stopped a sufficient length of time for plaintiff to alight in safety, and she failed to avail herself of the opportunity thus afforded her, and without fault of defendant's servants and without their knowledge she attempted to alight as the train was started and was injured, she could not recover; but we hold that, under the evidence in this case, it was for the jury and not the court to say whether or not the facts bring the case within this rule. See foregoing authorities.

Upon the question of plaintiff's contributory negligence, we are agreed that it was for the jury to say, under all the evidence in the case, whether or not plaintiff, at the time of the injury in question, was in the exercise of such care as a reasonably prudent person would be expected to exercise under the like circumstances. Cameron v. G. N. Ry. Co., 8 N. D. 124, 77 N. W. 1016; Richmond & D. R. Co. v. Powers, 149 U. S. 42, 13 Sup. Ct. 748, 37 L. Ed. 642; 5 Am. & Eng. Enc. Law (2d Ed) 652, and cases cited. Hence it would have been error to have directed a verdict upon the ground of plaintiff's contributory negligence.

It follows that the judgment appealed from must be reversed, and a new trial ordered. All concur.