THE CHICAGO CITY RAILWAY COMPANY

*v.*

HANNAH BENNETT.

*Opinion filed February 21, 1905.*

TRIAL—*what is sufficient to go to jury on question of negligent operation of street car.* Proof that the street car on which plaintiff was a passenger was running at such a rate of speed that the motorman could not stop it in time to avoid striking a wagon after he had seen it, the night being dark and the rails slippery with mist, justifies the submission of the question of negligence to the jury.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. R. P. GOODWIN, Judge, presiding.

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment for $3500, rendered by the superior court of Cook county, in an action on the case, brought by Hannah Bennett, the appellee, against the Chicago City Railway Company, the appellant, to recover damages for a personal injury sustained by her through the alleged negligence of the appellant.

The declaration, in so far as evidence was offered to support it, alleged that the plaintiff, on September 18, 1900, was a passenger on a street car, used and operated by the defendant; that the defendant ran said car in a negligent, careless

and unskillful manner, by reason whereof it was run at a high rate of speed, and by reason of the negligent, careless and unskillful manner in which said street car was run and operated, it collided with a loaded truck, by reason whereof plaintiff was thrown with great force and violence against the forward part of the car and was injured.

The defendant filed the general issue. A trial was had, and a verdict for $7000 was returned by the jury. A motion for a new trial and a motion in arrest of judgment were respectively overruled by the court. The court required the plaintiff to remit $3500 from the verdict, and then entered a judgment for $3500 in her favor. The defendant appealed to the Appellate Court for the First District, and that court having affirmed the judgment of the superior court, this appeal is prosecuted.

The evidence tends to show that the collision occurred on the Halsted street viaduct near Fortieth street, in the city of Chicago; that the motive power of the car was electricity; that the truck, drawn by one horse, was passing along the viaduct, and that the wheels of the truck, when first observed by some of the witnesses, were within the car tracks; that the truck was loaded with marble slabs; that it had started to turn out of the car tracks and only one of the rear wheels was within the tracks when the collision occurred, and that only the rear corner of the truck was struck; that the car was going at the rate of fifteen miles per hour, and when it struck the truck it knocked it off the track, scattered the marble slabs on the ground, almost turned the truck around, reversing its position, throwing the driver off and forcing the horse almost off the roadway of the viaduct, and then proceeded a distance of twenty-five or thirty feet before it was stopped; and that the wagon and front of the car were both considerably damaged by the collision.

At the conclusion of all the evidence in the cause, the defendant moved the court to instruct the jury to find the defendant not guilty. The motion was denied, and its denial

is assigned as error. It is also assigned as error that the attorney for appellee made improper remarks to the jury, in his closing argument, which were prejudicial to appellant.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

JAMES E. McGRATH, (JOHN C. TRAINOR, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

It is assigned as error that the court erred in refusing to direct a verdict for the defendant at the close of all the evidence. This presents the question, is there, in this record, any evidence which, with the inferences that the jury may justifiably draw therefrom, is sufficient to support a verdict for plaintiff? *Foster* v. *Wadsworth-Howland Co.* 168 Ill. 514; *Foster* v. *McKeown,* 192 id. 339.

Without any reference whatever to the evidence on the part of the appellee, it appears from the testimony of the motorman, who was a witness for appellant, that the weather was misty, between fog and rain; that the street car tracks were slippery; that it was pitch dark on top of the viaduct when the car reached there; that he could not see objects on the track ahead of him until they came within the range of the headlight on the car; that in his judgment that light shone ahead so that he could see about forty-five or fifty feet in that direction, but he says in fact, that, although he was looking straight ahead immediately preceding the collision, he could not see this wagon until he was within about fifteen feet of it, and that with the track in its slippery condition he could stop the car, at the rate at which it was traveling, in about fifty feet.

Whether the rate of speed at which a street car is traveling is so high as to be dangerous depends very largely upon circumstances. A street car may be propelled at a high

rate of speed in the daytime or along a street that is brilliantly lighted at night with perfect safety, while the same rate of speed maintained after dark in an unlighted street would be extremely dangerous. It appears here that the rate of speed was such that the motorman could not stop the car in time to avoid striking an obstacle on the track, after he was near enough to see it, if the obstacle remained stationary. From that proof it may be inferred that appellant was negligently propelling the car at a rate of speed high enough to be dangerous, and that proof warranted the court in denying the motion for a peremptory instruction.

On the night of the accident, appellant caused a physician to go to the home of the appellee. He found her in bed in her night dress, talked with her, and made a careful external examination of her person. For this purpose it was necessary to remove the covering and draw up the garment in which she was attired. In his closing argument to the jury, counsel for appellee charged that the physician had in an objectionable manner turned down the bed-clothes and pulled up the garment of appellee on that occasion, and the attorney in very vigorous language characterized this conduct as being improper and unlawful. Counsel for appellant objected, and the court sustained the objection, and it is urged that the statements of counsel in that regard were so prejudicial to appellant's cause that merely sustaining the objection made thereto did not leave the record free from error.

The physician, by one answer, made inadvertently or otherwise, furnished some ground for the attack made upon him. Under these circumstances we do not think the remarks of counsel warrant reversal.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*