Elgin, Aurora & Southern Traction Co. v. Wilson.

---

## Elgin, Aurora & Southern Traction Company v. Natalie Wilson.

### Gen. No. 4,471.

1. NEGLIGENCE—*what, no defense to action for injuries occurring by reason of.* It is no defense to an action for injuries occurring by reason of the negligence of the defendant that the negligent or tortious act of a third person or an inevitable accident or an inanimate thing contributed to cause the injury to the plaintiff if the negligence of the defendant was an efficient cause without which the injury would not have happened.

2. NEGLIGENCE—*when rate of speed constitutes.* Whether a given rate of speed constitutes negligence depends upon the surrounding circumstances of each case.

3. NEGLIGENCE—*when giving of erroneous instruction upon question of, not reversible error.* Whether the giving of an instruction upon the subject of the defendant's negligence, which does not limit a recovery to that negligence specifically charged, constitutes reversible error, depends upon the circumstances of the case and the language and purport of all the instructions given.

4. EFFICIENT CAUSE—*how question of, determined.* Unless the evidence is such that all reasonable minds would agree that the efficient cause of an injury was not the negligence alleged against the defendant, the question of what was the efficient cause of such injury must be submitted to the jury as a question of fact.

5. CONDITIONS AFTER ACCIDENT—*when proof of, competent.* Observations made immediately or so soon after the main fact in issue as to preclude the possibility of a change in conditions, are relevant where they may throw light on the point of inquiry.

6. EXPERIMENTS—*when proof of, not incompetent.* The mere fact that experiments are made after an accident does not make them incompetent; they are incompetent, however, if the conditions existing at the time they are made are different from those pertaining at the time of the accident.

7. VARIANCE—*what does not constitute.* Proof that the plaintiff's arms and legs were broken is consistent with the allegation that the bones of the plaintiff's "body" were broken, as the term "body," in law, includes the entire person of the plaintiff.

8. DECLARATION—*when not error to permit jury to take, in their deliberations.* It is not reversible error to permit the jury to take with them upon their deliberations the entire declaration, notwithstanding some counts thereof have been eliminated where such eliminated counts are substantial repetitions of the counts remaining upon which the case was tried.

Action on the case for personal injuries. Appeal from the Circuit Court of Kane County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 25, 1905.

HOPKINS, DOLPH & SCOTT and RUSSELL & HAGELHURST, for appellant.

WALTER E. HEALY and MURPHY & ALSCHULER, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

Appellee brought this suit for personal injuries received while a passenger on one of appellant's electric street cars. She recovered a judgment for $3,000, to reverse which this appeal is prosecuted.

The accident happened by reason of the car, on which appellee was a passenger, running on a siding and colliding with other cars standing on the side-track. A game of base-ball was being played at the ball park, which is located on appellant's line about one mile north of the city of Elgin. Four or five cars, for the accommodation of people who were attending the ball game, were standing on the siding west of the ball park. The switch which connected the siding with the main track, was at the south end of the siding. The collision occurred about 200 feet north of the south end of the switch. The switch was wrongfully turned

Elgin, Aurora & Southern Traction Co. v. Wilson.

by a boy, which permitted the car, on which appellee was a passenger, to take the siding. The weight of the evidence shows that the car was running at about thirty miles per hour; the cars were partially telescoped, so that it was with considerable difficulty they were separated.

Appellee received a transverse fracture of the tibia, and other injuries, for which she has recovered damages in this suit. The negligence charged is improper and negligent operation and management of the car, failure properly to lock and guard the switch, failure to look ahead and observe that the switch was open and negligently running the car at a high and dangerous rate of speed.

It is contended by appellant that the switch, having been open by the tortious act of a stranger, it is not liable for the injury. This position must be sustained, unless some of the negligent acts charged in the declaration are shown by the preponderance of the evidence to have operated jointly with the tortious act of the third party, and thereby contributed to the injury, in such degree, that the jury, acting reasonably, under the evidence, can say that the accident would not have happened but for the negligence of appellant.

The rule on this subject, frequently announced both by the Appellate and Supreme courts,is that it is no defense to an action for injuries occurring by reason of the negligence of a defendant that the negligence or tortious act of a third person or an inevitable accident or an inanimate thing contributed to cause the injury to the plaintiff, if the negligence of the defendant was an efficient cause, without which the injury would not have happened. The following cases will be found to sustain the foregoing rule and illustrate its application to the various conditions of fact involved: City of Joliet v. Verley, 35 Ill. 58; Village of Carterville v. Cook, 129 Id. 152; City of Joliet v. Shufeldt, 144 Id. 403; Pullman Palace Car Co. v. Laack, 143 Id. 242; St. Louis Bridge Co. v. Miller, 138 Id. 465; McGregor v. Reid, Murdoch & Co., 178 Id. 464; C. &. A. R. R. Co. v. Harrington, 192 Id. 10; Armour v. Golkowska, 202 Id. 144; Commonwealth Electric Co. v. Rose, 214 Id. 545.

The difficulty is not so much in determining what the rule is,.as in its application to the facts of different cases as they arise.

The question resolves itself into whether the appellant is shown to be guilty of any of the acts of negligence charged, which can be said to be an efficient cause of the injury. Under the state of this proof, this question must be treated as one of fact, and not of law; it was a proper question to be submitted to the jury. It is, by no means, one of those cases where all reasonable men of fair intelligence would agree that appellant was guilty of none of the negligence charged against it. It appears quite probable that the motorman was guilty of inattention to his duties. He says he did not see the switch as he approached it. He claims he was watching some boys whom he suspected might try to cross the track in front of the car.

The track was straight, and no obstruction for several hundred feet before the switch was reached; it was a clear day, about 4:45 in the afternoon, on August 2, 1902. Just before the switch was reached, it is shown the motorman had his face turned toward the ball game.

It is also shown, as already pointed out, that the rate of speed was about thirty miles an hour; it is true the motorman and one or two others testify to a much slower rate of speed, but the weight of the testimony strongly tends to show the higher rate of speed. In this connection, the damage done to the cars by the collision, the fact that the motorman was thrown from his stool so violently that he was rendered unconscious by the lurch of the car when it first entered the open switch and before the collision occurred, are circumstances which have a tendency to show the rate of speed was more than twelve to fifteen miles an hour, as shown by the motorman. Whether a given rate of speed is dangerous, and consequently negligence, depends on surrounding circumstances.

In a late case, Chicago City Ry. v. Bennett, 214 Ill. 26, it is held that fifteen miles an hour, on a dark night when the track was slippery, is such a rate of speed as warrants

the submission of the question to the jury as one of fact. Here it is admitted the motorman knew there were a large number of people assembled outside the ball park fence near the track, and that they were passing back and forth over the track; he also knew the switch and siding were there, and if he were running at thirty miles an hour under these circumstances, and paying no attention to the switch, we are not disposed to find fault with the jury if it finds these acts to be negligence.

Again, it is shown that appellant had stationed an employe by the name of March at this switch to look after it and see that it was properly turned; after the cars had been placed on the siding, March turned the switch so as to give all cars the main track, but he did not lock, or otherwise fasten the switch, and at the time the boy turned it and when the accident happened March was inside the ball park, with a tight board fence seven feet high between him and the switch he was set to guard. He had not been to look after the switch for an hour before the accident. We think this conduct grossly negligent on the part of this employe. If the jury found, as they very reasonably might, that appellant was guilty of negligence either in respect to the rate of speed, the manner of operating the car by the motorman, or the guarding or locking the switch, we would not be disposed to disturb the verdict on the ground that it was not supported by the evidence. It follows from these observations that the verdict of the jury must be regarded as settling the controverted questions of fact involved adversely to the contention of appellant. It only remains to be determined whether any error of law has intervened of such character as to require a reversal.

The first complaint made is, that the court erred in refusing appellant's request for a peremptory direction to find the defendant not guilty; this contention is disposed of by our reference already made to the facts. The second, that the accident was caused by the tortious act of a third party, is also disposed of and need not be further considered.

It is contended the court erred in admitting evidence of

the condition of the cars immediately after the collision and the efforts required to separate them. As we have already seen, this evidence had a tendency to show the force of the collision, and hence bears upon the rate of speed. Observations made immediately or so soon after the main fact as to preclude the possibility of a change in conditions, are relevant where they may throw light on the point of inquiry. We are aware of no authority holding a rule that would exclude this evidence.

It is next said that the court erred in admitting the evidence of two witnesses who testified that they had ridden in the front end of a car going north and that the switch could be seen for a distance of 300 feet. The basis of this objection is that these experiments were made subsequent to the accident, and that the evidence did not show the essential conditions to be the same as on the day of the accident. The rule on this subject, as we understand it, is that if the conditions are essentially different when the experiment is made from those existing at the time the fact sought to be illustrated occurred, the results of the experiment would have no legitimate bearing on the issue. Chicago City Ry. Co. v. Brecher, 112 App. 106, and cases there cited. It is competent, however, to show by experiments conducted under similar conditions, how far a train can be seen approaching a crossing from a highway. E., J. & E. Ry. Co. v. Reese, 70 App. 463.

In the case at bar, the uncontradicted evidence is that the accident happened in the afternoon on a clear day; the motorman says he was looking ahead, and as far as he could see, everything was perfectly clear, except as he came up there were some boys ahead of him who attracted his attention, and he looked at them to see that they did not run out ahead of him. We cannot imagine conditions more favorable to seeing a switch than those described by the motorman; he does not place the boys between himself and the switch, but mentions their presence to explain why he looked at the boys instead of the switch. If any dissimilarity existed in the conditions of the two occasions, it

would seem that the difference must have been unfavorable to the experiments.

It is insisted by appellant that there is a variance between the allegations and the proofs, in that the declaration charges that " the bones of her body were broken," while the proofs show it was the bones of her limbs and arms. This contention is too refined for practical purposes. While some learned lexicographers define " body " as referring to the trunk of a man in distinction to his limbs, arms or head, still in the usual and common acceptance of the term, it means the whole person. The word " body," when used in criminal process, either to arrest or commit the body of a prisoner, refers to the whole physical man. An assault to do a bodily injury is committed by inflicting a serious injury on any part of the person, and may be committed on the arms, limbs or head, as well as the trunk of the body.

Many centuries ago, an inspired writer, who has ever been regarded by the christian world as one of its greatest scholars and thinkers, said " all the members of that one body, being many, are one body. * * * The body is not one member, but many." One definition of the word " body " in the Universal Dictionary of the English Language is, the human body, the whole man. We think there was no substantial variance between the declaration and the proofs.

The sixth, seventh and eighth points raised in appellant's brief have been considered, and we find nothing in either of them that would justify us in reversing the case.

It is insisted the court erred in giving the first and second instructions for appellee. The objection to these instructions is, that the negligence of appellant is not limited to the negligence charged in the declaration. Where specific acts of negligence are charged in the declaration, the right to recover is limited to the negligence charged, and it is not in such case a correct method to instruct that if the defendant is guilty of any negligence or negligence generally which resulted in the injury, the defendant would

be liable. C. & A. R. R. Co. v. Rayburn, 153 Ill. 290; West Chicago St. Ry. Co. v. Martin, 154 Id. 523; C., B. & Q. R. R. Co. v. Levy, 160 Id. 385; Camp Point Mfg. Co. v. Ballou, 71 Id. 417; West Chicago St. Ry. v. Musa, 80 App. 223. Whether the giving of such an instruction is reversible error depends on its misleading tendencies under the circumstances of the case. In the case at bar, the jury were repeatedly told, in other instructions, that appellee could only recover upon proof of the acts of negligence charged in the declaration. Taking the whole series of instructions as one charge and reading them together, it is not perceived how any ordinary man could have been misled as to the negligent acts for which a recovery was authorized.

We are aware that in Camp Point Mfg. Co. v. Ballou, *supra*, and in C., B. & Q. R. R. Co. v. Levy, *supra*, it is held that the giving of such instruction is not cured by giving other instructions limiting the right of recovery to the negligence charged in the declaration; but in both of these cases, acts of negligence were before the jury which were not charged in the declaration, and it is pointed out that the jury might very reasonably have applied the instruction to such acts, and if so applied the instruction was misleading notwithstanding other instructions in the series laid down the rule with proper restrictions.

In the case at bar, proof of no acts of negligence was made that were not charged in some of the counts of the declaration. The instruction is carefully guarded in requiring the finding to be from the evidence. If the finding must be from the evidence, and there is no evidence of any act of negligence, except such as are in the declaration, how can it be said the jury may have been misled into basing a verdict on the negligence not charged in the declaration?

In West Chicago St. Ry. Co. v. Musa, *supra*, speaking of an instruction somewhat like those under consideration, the court says: "There is no reason to conclude that the jury could have found defendant guilty of negligence other than that charged in the declaration, when none was in

any way brought to their notice at the trial." We are of the opinion that the error in giving the instructions in question is so far cured by others in the series, that it is not sufficient to justify a reversal of the case. See C. & E. I. Ry. Co v. Crose, 113 App. 547.

The court refused the seventeenth, eighteenth and nineteenth instructions asked by appellant, and this ruling is assigned as error. The seventeenth is as follows:

" If you believe from the evidence that the witness, Frank Lieb, threw the switch in question, and if you further believe from the evidence that the accident and injury would not have occurred except from the fact that the switch was so thrown, if so shown by the evidence, then plaintiff cannot recover, and your verdict should be for the defendant."

If this instruction states a correct rule of law, the court should have directed a verdict for appellant. The facts upon which it is predicated cannot be disputed from this record. The effect of this instruction is to withdraw from the jury all consideration of the alleged negligence of appellant.

If appellant was guilty of the negligence charged, and the jury believed such negligence was a concurring and efficient cause of the injury, the fact that the switch was wrongfully turned by an unauthorized person, thereby affording a condition of things which made the injury possible, is no defense to the action.

Instructions eighteen and nineteen both embody the same proposition in different words, contained in seventeen, and were properly refused for the same reasons. It is complained that the court erred in sending the declaration out to the jury without detaching the third and fourth counts, to which a demurrer had been sustained. There was nothing in these counts which was not contained in other counts which were held good and to which a plea had been filed. We fail to see how appellant could have been prejudiced by the action of the court in this regard. It is the established practice in this State to allow the jury to take all the pleadings to the jury room upon which issue is joined. E. Dubuque v. Burhyte, 74 App. 102; 2 Thomp-

son on Trials, sec. 2583.   But this rule does not authorize the court to allow counts which have been eliminated by demurrer or otherwise to go to the jury.   City of Elgin v. Thompson, 98 App. 358.   Where, however, as is the case here, the counts to which a demurrer has been sustained are substantial repetitions of other counts which remain, allowing such eliminated counts to go to the jury is harmless error and does not, in any manner, prejudice the rights of appellant.

We do not regard the damages awarded by the jury as excessive, under the evidence.   Other assignments of error, which have been discussed by counsel, have received our careful consideration; but having reached the conclusion that there is no error in this record for which the judgment should be reversed, a discussion of these other assignments would make this opinion longer without any corresponding compensation to the parties.

The judgment is affirmed.

*Affirmed.*

# CASES

DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

DURING THE YEAR 1905.