| 7 | 201 |
| 8 | 307 |
| 7 | 201 |
| 38 | 141 |
| 7 | 201 |
| 40 | 241 |
| 40 | 504 |

MAX RICH, PLAINTIFF IN ERROR, v. THE STATE NATIONAL BANK OF LINCOLN, NEBRASKA, DEFENDANT IN ERROR.

| 7 | 201 |
| f59 | 16 |
| 7 | 201 |
| 61 | 335 |
| 7 | 201 |
| 62 | 474 |

1. **Banks:** CONTRACT BY OFFICERS: ESTOPPEL. O., the president of a bank, informed one R. that they were about to reorganize the bank, and that if he would act as director thereof, and his firm would give the bank all their business as they had done before, and use their influence in its behalf, that they would give him ten shares of the stock. R. accepted the proposition, and was elected and served as a director, and the firm of which he was a member continued to do business with the bank. *Held*, 1st, that the agreement was a sufficient consideration to entitle R. to the ten shares of stock. 2d. That the president professing to act for the bank in the transaction, and the bank receiving the benefits derived from the contract, thereby ratified his action.

2. **Practice in Supreme Court.** Ordinarily where cases pending in the supreme court are reached in their regular order on the docket, they will not be passed to the foot of the docket or continued, except by consent of both parties.

3. ——: AGREEMENTS OF ATTORNEYS. Written agreements of attorneys, or those entered into by them in open court, in regard to the disposition of cases, will be enforced; but oral agreements, entered into out of court, will not be recognized or considered.

4. **Banks:** POWER OF OFFICERS. As a rule, the officers of a bank are held out to the public as having authority to act according to the usage and course of business of such institutions, and their acts, within the scope of their authority, bind the bank in favor of persons having no knowledge to the contrary.

5. ——: ——. No officer of a bank can bind it by a promise to pay a debt which the corporation does not owe, and was not liable to pay, unless the bank authorized or has ratified the act; but ratification is equivalent to original authority to act in the matter, and corporations are bound in the same manner as natural persons.

ERROR to the district court for Lancaster county. Tried below before POUND, J.

*Mason & Whedon*, for plaintiff in error.

*Brown, England & Brown*, for defendant in error.

MAXWELL, J.

The plaintiff brought an action in the district court of Lancaster county against the defendant to recover the value of ten shares of the stock of the State National Bank, which it is claimed the defendant has wrongfully converted to its own use. The stock is alleged to be of the value of $1,400.

The defendant in answer to the petition of the plaintiff, denied all the facts therein contained, except that the defendant was a corporation.

On the trial of the cause, the court directed the jury

to find a verdict for the defendant, to which the plaintiff excepted. The court having overruled a motion for a new trial, rendered judgment dismissing the case. The case is brought into this court by petition in error.

On the trial of the cause the plaintiff, against the defendant's objection, introduced in evidence a copy of the list of names and residences of shareholders of the State National Bank as it existed on the first Monday of July, 1874, from which it appeared that the plaintiff was credited at that time with ten shares of the stock of the bank.

It also appears in evidence that the plaintiff was elected one of the directors of the bank in January, 1874, and continued to act in that capacity until the following January.

Section 5146 of the Revised Statutes of the United States (Statutes at Large, vol. 13, 102) provides that: " Every director must own, in his own right, at least ten shares of the capital stock of the association of which he is a director."

Section 5147 provides that: " Each director, when appointed or elected, shall take an oath that he will, so far as the duty devolves on him, diligently and honestly administer the affairs of the association, and will not knowingly violate, or willingly permit to be violated, any of the provisions of this title; that he is the owner, in good faith and in his own right, of the number of shares of stock required by this title, subscribed by him or standing in his name on the books of the association, and that the same is not hypothecated, or in any way pledged as security for any loan or debt."

The plaintiff testified that in January, 1874, Owen, the president of the bank, sent for him and informed him that there would be a new organization of the bank. He states that he informed Owen that he did not think that Oppenheimer, of his firm, " would stay with the

bank." Next day he was sent for again, and informed that *they* had concluded that if he would act as director of the bank, and give them all their business, as they had done before, and use their influence, they being one of the oldest firms in the city, and doing a heavy business with the bank, that they would give him ten shares of their stock. That he told them that he would accept the proposition, and in pursuance of that agreement they had done all their business with the bank, and he had acted as director thereof. The witness also testified that he was informed there were no certificates of stock, and that it would be transferred on the books of the bank. He also testified that the business of the firm amounted to from $60,000 to $80,000 per year; that he never demanded his certificates of stock until after the failure of the firm of which he was a member; that at the time he made the demand the officers of the bank refused to deliver the same to him.

The agreement entered into by the plaintiff for the firm of which he was a member, with the president of the bank, appears to have been fully carried out on the part of his firm, and is a sufficient consideration to sustain the contract for the stock in question. The president was professing to act for the bank, and, so far as appears, the bank ratified his action by receiving the benefits derived from the contract.

Under the circumstances developed by the testimony in this case, it may be that the bank is estopped from denying that the plaintiff is the owner of the stock in controversy, but as this question was not discussed on the argument, we will not examine it. The judgment of the district court is reversed, and the cause remanded for a new trial.

REVERSED AND REMANDED.

UPON application for leave to file a motion for a rehearing, the following opinion was filed:

MAXWELL, J.

I. The defendant asks leave to file a motion for a rehearing in the case, assigning as grounds therefor that the cause was disposed of without argument made or brief furnished on the part of the defendant, and that the failure of the defendant to file a brief was occasioned by misapprehension, etc.

Rule II of this court provides, that all causes from the same judicial district shall be placed together on the docket in the numerical order of the several districts, commencing with the first judicial district; and they shall be taken up and heard in this order, allowing one week for hearing causes from each judicial district. This arrangement is made for the convenience of attorneys who desire to argue their causes orally before the court. Cases, however, may be submitted on behalf of either or both of the parties at any time, upon filing briefs of the points relied on.

It is our desire to afford attorneys every reasonable facility to properly present the points, relied on by them, to the court. But ordinarily, where cases are reached in their order, some disposition must be made of them; and they will not be passed to the foot of the docket except by consent of both parties. The failure to observe this practice would occasion great inconvenience to attorneys, and would obstruct and delay the hearing of causes.

Written agreements of attorneys, or oral agreements entered into by them in open court in regard to the disposition of cases, will be enforced; but oral agreements entered into out of court will not be recognized or considered.

II.   It is claimed that the court, in the decision of the case, overlooked important questions both of law and fact.

The action was brought to recover the *value* of ten shares of the stock of the State National Bank, claimed to be of the value of $1,400, and which the plaintiff alleges the defendant unlawfully converted to its own use.   As a general rule, the officers of a bank are held out to the public as having authority to act according to the usage and course of business of such institutions, and their acts, within the scope of their authority, bind the bank in favor of third persons having no knowledge to the contrary.   *Minor v. Mechanics Bank*, 1 Peters, 46. *Frankfort Bank v. Johnson*, 24 Me., 490.   *Merchants Bank v. State Bank*, 10 Wall., 604.   *Cook v. State National Bank*, 52 N. Y., 96.

And it may also be laid down as a rule, that no officer of a bank can bind it by a promise to pay a debt which the corporation does not owe, and was not liable to pay, unless the bank authorize or has ratified the act.   *Salem Bank v. Gloucester Bank*, 17 Mass., 1.   *Merchants Bank v. Marine Bank*, 3 Gill., 97.

Section 36 of the act of congress of June 3, 1864, provides that no association shall make any loan or discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless such security or purchase shall be necessary to prevent a loss upon a debt previously contracted in good faith; and stock so purchased or acquired shall, within six months from the time of its purchase, be sold or disposed of at public or private sale, in default of which a receiver may be appointed to close up the business of the association.

Section 40 provides that "the president and cashier of every such association shall cause to be kept, at all times, *a full and correct list of the names and residences*

*of all the shareholders* in the association, and the number of shares held by each, in the office where its business is transacted; and such list shall be subject to the inspection of all the shareholders and creditors of the association, and the officers authorized to assess taxes under state authority, during business hours of each day in which business may be legally transacted, and *a copy of such list*, on the first Monday of July in each year, *verified by the oath of such president or cashier*, shall be transmitted to the comptroller of the .currency."

Section 5 provides, that associations for carrying on the business of banking may be formed by any number of persons *not less than five*.

A copy of the list of stockholders of the State National Bank in July, 1874, properly verified by the cashier, was introduced in evidence, from which it appears that the plaintiff at that time was credited on the books of the bank as being the owner of ten shares of stock. It also appears that nearly all the stockholders were directors of the association.

It is urged with great persistency, that the defendant is not liable, because buying and selling the stock of the bank itself is no part of its business. It is true, that the law does not permit banks to speculate on their stock, and only in certain contingencies are they permitted to purchase it. The law was evidently designed to guard the rights of the public by requiring those who appear on the books of the banks as owners, to be so in fact; consequently the bank is prohibited from loaning money on the security of its shares, under any circumstances. But it does not follow, that where, as in this case, a bank has made, or ratified, a contract with a party to act as director, and do his business with it, in consideration of receiving ten shares of stock, that after the bank has secured the benefits arising from the contract, it cannot be enforced. This is not an action for specific

performance, but for damages for the conversion of stock. The bank held the plaintiff out to the world as an owner of its stock, and thereby secured whatever credit might be derived from his character as a business man. As an owner of at least ten shares of its stock he was made one of its directors, and given a voice in the management of its affairs, with the tacit assent, at least, of its stockholders.

The law requires a director to take an oath that he is the *owner* of at least ten shares of stock, and also requires the president and cashier to make out a list of its stockholders on the first Monday of July in each year. and verify the same by oath. Can the defendant now be permitted to say, that its books were incorrect, and the oaths of its officers false? I think not. The defendant is bound by its own record, and cannot be permitted to deny its correctness in the absence of fraud or mistake

It is apparent from the testimony that the firm of which the plaintiff was a member had been in business for a number of years, and was transacting an extensive business. It is also disclosed, that the firm was about to withdraw its business from the bank. In this condition of affairs the proposition was made by Owen to the plaintiff, and accepted by him, and the contract thus made was ratified by the defendant. This is certainly a sufficient consideration to entitle the plaintiff to recover. And counsel for the defendant admit, that if the bank owned stock, and the president had authority to sell it, the consideration would be sufficient to uphold the sale. But it is claimed, that he had no authority, unless specially authorized, to bind the bank in a contract of this kind.

In *Kennedy v. The Otoe County National Bank*, ante p. 59, it was held, that the president of a bank, like other agents, could bind his principal only while acting within the scope of his authority; unless his acts were

ratified. And in this case, so far as the record discloses, Owen had no original authority to enter into the contract with the plaintiff; but it is apparent that the contract thus made was accepted and ratified by the bank. The ratification is equivalent to original authority to act in the matter which has been ratified; and the same rule applies to corporations which is applied to natural persons. *Fleckner v. United States Bank*, 8 Wheat., 363. *Essex T. C. v. Collins*, 8 Mass., 299. *Hayden v. Middlesex*, 10 Id., 403. *Salem Bank v. Gloucester Bank*, 17 Id., 28. *White v. Westport Manufacturing Co.*, 1 Pick., 220. *Balkley v. Derbu Fishing Co.*, 2 Conn., 252. Id. 260. *Hoyt v. Thompson*, 19 N. Y., 207. *Peterson v. The Mayor*, 17 Id., 449. *Baker v. Cotter*, 35 Me., 236. *Church v. Sterling*, 16 Conn., 388. *Bank of Penn. v. Reed*, 1 W. & S., 101. *Haward v. Pilgrim Society*, 21 Pick., 270. *Despatch Line of Packets v. Bellamy Manufacturing Co.*, 12 N. H., 205. *Planters Bank v. Sharp*, 4 S. & M., 75. *Burrill v. National Bank*, 2 Metc., 167. *Walworth County Bank v. Farmers' L. & T. Co.*, 16 Wis., 629.

After a careful re-examination of the entire case, it is apparent that no question, either of law or fact, has been overlooked in its determination. The application to file the motion for a re-hearing is therefore denied.

JUDGMENT ACCORDINGLY.