## JOHN T. ALEXANDER V. CULBERTSON IRRIGATION & WATER POWER COMPANY.

### FILED FEBRUARY 20, 1901.   No. 9,395.

1. **Enforcement of Contract:** ACTION ON BEHALF OF CORPORATION: RATIFICATION. Where, in an action to enforce a contract made on behalf of a corporation by an unauthorized agent, the evidence tends to show that the corporation, by acquiescence and acceptance of benefits, ratified such contract, an instruction which, in effect, withdraws such evidence from the consideration of the jury is erroneous.

2. **Unauthorized Act:** RATIFICATION. An act done in behalf of a corporation by one having no authority to represent it may be ratified by conduct implying approval and adoption.

3. **Self-Constituted Agent:** ULTRA VIRES: DISAVOWAL OF PRINCIPAL: PRESUMPTION FROM LACHES. A corporation having power to ratify or repudiate a contract made in its name by a self-constituted agent, or one acting outside of his authority, should within a reasonable time determine which it will do; and if it do not disavow the agency and dissent from the contract, assent and approval may be presumed.

ERROR from the district court for Hitchcock county. Tried below before NORRIS, J. *Reversed.*

*W. R. Starr* and *M. B. Reese,* for plaintiff in error.

*Fayette I. Foss* and *Norman Jackson, contra.*

SULLIVAN, J.

This action was brought by John T. Alexander against the Culbertson Irrigation & Water Power Company, a corporation, to recover rent claimed to be due upon a lease. The cause was tried to a jury in the district court for Hitchcock county, and resulted in a verdict and a judgment in favor of the defendant.

Of the numerous errors assigned we think there is only one that merits serious consideration. It is conceded that the lease mentioned in the petition was executed by C. J. Jones, the president of the company, but his authority in the premises is denied. The evidence before

us shows conclusively that Jones was not authorized to make the lease, but it tends strongly to prove that the corporation ratified his act. The court charged the jury that the defendant had power under the articles of incorporation to purchase and take by deed or lease such real estate as should be deemed advisable by its board of directors; that a contract made by an officer of a corporation outside the limits of his authority is not binding unless ratified; that a corporation, like a natural person, can ratify an act which it has authority to perform; that ratification of an act or contract by a corporation consists in the adoption of the act or contract by some one in authority and having power to make such contract or do such act; that acceptance of a contract and resulting benefits with full knowledge on the part of the proper corporate officers of all the material facts, amounts to a ratification. At the request of the defendant the jury were further instructed as follows: "The jury is instructed that the charter of the Culbertson Irrigation & Water Power Company provides that the business of the corporation shall be in the construction and maintenance of a water power and irrigating canal with power to purchase and take by way of deed in fee simple or lease such real estate as the directors shall deem advisable and that a lease or conveyance not executed or ratified by the corporation in the terms prescribed by its charter is void, unless you shall find that the corporation held out their president to the public as having power to transact such business." This instruction was erroneous and obviously mischievous. It was, in view of the evidence, almost, if not quite, equivalent to directing a verdict for the defendant. There was no evidence tending to prove that Jones had been held out to the world as having authority to rent land or do other like acts; there was no evidence that he was authorized by the board of directors to execute the lease; neither was there any proof of an express ratification, or a ratification of any kind in conformity with terms prescribed by the

articles· of incorporation.    Looking at the instruction quoted, the jury would naturally conclude that the evidence of ratification did not meet the requirements of the law,—that the act of Jones had not been duly adopted,— and that the lease was, therefore, void.   Looking at the instructions given by the court on its own motion, they would find that acceptance of the lease and possession of the premises therein described might constitute ratification, but they would nowhere find that acquiescence and payment of rent would warrant them in concluding that the defendant had adopted the contract made by its president.    The instructions, even when taken together, were certainly very misleading and their probable effect was to exclude entirely from the consideration of the jury evidence of a most satisfactory and convincing character.    That there may be an implied ratification of an act done in behalf of a corporation by one having no authority to represent it is, of course, familiar law.    A corporation having power to ratify or repudiate a contract made in its name by a self-constituted agent, or one acting outside of his authority, should, within a reasonable time, determine which it will do; and if it do not disavow the agency and dissent from the contract, assent and approval may well be presumed.    *Rich v. State Nat. Bank*, 7 Nebr., 201; *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Nebr., 68; *Pittsburgh, C. & St. L. R. Co. v. Keokuk & H. B. Co.*, 131 U. S., 371.

The instructions contain a number of inaccurate and irrelevant expressions, but we are inclined to think that the only one which is prejudicially erroneous is the one above set out.

We express no opinion upon the sufficiency of the evidence to support the verdict, as that question has not been discussed by counsel.    It has occurred to us, however, after a careful reading of the bill of exceptions, that the question is a debatable one.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.