KNAPP v. SAUNDERS.

1.  A bank has power to act as agent in the collection and remission of money, though it be due and payable under a lease.

2.  The presumption is that the cashier of a bank, in receiving money

due one on a lease and depositing it subject to his check, is acting officially, rather than individually.

(Opinion filed April 1, 1902.)

Appeal from circuit court, Grant county. HON. A. W. CAMPBELL, Judge.

Action by John C. Knapp against W. B. Saunders. Judgment for defendant, and plaintiff appeals. Affirmed.

*E. M. Bennett* and *J. J. Batterton,* for appellant.

*Thomas L. Bouck,* for respondent.

FULLER, J. As a defense to this action to recover $353.45, which it is claimed respondent collected as the agent of appellant from a certain tenant of his, testimony was introduced sufficient to justify the jury in finding that the Merchants Bank of Milbank, of which respondent has always been cashier, was the sole agency through which the business was transacted. To collect and remit money as the agents of others being one of the purposes for which banks are organized, there is no merit in the contention that this bank was without authority to act as the agent of appellant for the collection of the monthly rental of the premises described in the complaint. Such practice being entirely consistent with universal custom, strictly in accordance with the law merchant, and not contrary to the statute, it might well be judicially noticed that banks possess power to act as agents in the collection and remission of money. 1 Morse, Banks & Banking, pp 47, 48, 52, and cases cited in the notes. The fact that the money collected was due and payable under the terms of a lease is not sufficient to constitute an exception to the rule. Respondent, being the chief executive officer of the bank, rightfully shown to be engaged in the collection business, including that of rents, the presumption is that in receiving and depositing the money subject to appellant's check, he was act-

ing officially, rather than in an individual capacity; and upon probative evidence properly admitted the jury so found.

We find all the rulings of the trial court upon questions of evidence, as well as the instructions under which such evidence was submitted to the jury, to be entirely consistent with the view we have taken, and the judgment appealed from is affirmed.