FIRST NATIONAL BANK OF KNOX, A CORPORATION, v. NILS O. BAK-
KEN, SEVERT BAKKEN AND MARTIN BAKKEN, CO-PARTNERS AS
BAKKEN BROS.

Opinion filed March 18, 1908.

Rehearing denied April 21, 1908.

**Principal and Agent — Question for Jury.**

1. Action upon promissory note executed and delivered by de-
fendants to the State Bank of K. The defense is that such bank
acted as their agent in the collection of certain drafts drawn against
consignments of grain, and in collecting balances due on such con-
signments, and that it had in its possession enough funds thus col-
lected to liquidate the balance due on such note, and that defendants.
requested the application of said funds accordingly. Plaintiff bank, the
successor of the State Bank of K., contends that one M., who was.
cashier, and not the bank, acted as such agent, and that no such funds.
came into the possession of said bank which were not accounted for.
At the conclusion of the testimony the trial court directed a verdict
in plaintiff's favor. *Held,* reversible error for the reason that the
testimony tended to show that a sum in excess of the amount due
on said note was received either by the bank or by M., individually,
and not accounted for to defendants, and the evidence was sufficient
to require a submission to the jury of the question whether the bank
or whether M. acted as such agent.

**Appeal — Directing a Verdict — Construing Testimony.**

2. In reviewing a ruling of the trial court in directing a verdict,
the testimony will be construed in its most favorable light towards:
the party against whom such ruling is made, and all reasonable and
legitimate inferences which can be deduced in his favor will be de-
duced therefrom; and when thus considered, if it can be said that
reasonable men may fairly differ in the conclusion to be reached
thereon, such ruling will be held reversible error.

**Banks and Banking — Acts Ultra Vires — Authority to Collect.**

3. If the bank, through its cashier, M, acted as such agent for
defendants, and received the benefit of the transaction, it was under
a legal obligation to account to defendants for such funds, even though
M exceeded his authority in thus acting; but it is held that the bank
through its proper officers, had a right to act as such agent, and hence
if it did so act, such acts were not ultra vires, and the corporation
would be liable to defendants for all funds thus collected.

Appeal from District Court, Benson county; *Cowan,* J.

Action by the First National Bank of Knox against Nils O.
Bakken and others. Judgment for plaintiff, and defendants appeal.

Reversed and new trial ordered.

*Siver Serumgaard* and *Scott Rex,* for appellants.

When the evidence is such that reasonable men may differ in their conclusions from it, case must go to the jury. Pirie v. Gillitt, 2 N. D. 255, 50 N. W. 710; Vickery v. Burton, 6 N. D. 245, 69 N. W. 193; Warnken v. Merc. Co., 8 N. D. 243, 77 N. W. 1000; Pewonka v. Stewart, 13 N. D. 117, 99 N. W. 1080; Hall v. Nor. Pac. Ry. Co., 16 N. D. 60, 111 N. W. 609; Zink v. Lahart, 16 N. D. 56, 110 N. W. 931.

Bank may act as agent for collections. Rev. Codes 1905, section 4639; Knapp v. Saunders, 90 N. W. 137.

A bank having delegated functions to its cashier, receiving benefit from a transaction, cannot plead ultra vires. Section 5310, Rev. Codes 1905; 10 Cyc. 1066, 1156; Tourtelot v. Whithed, 9 N. D. 407, 84 N. W. 8; Dedrick v. Ormsby Co., 80 N. W. 153; Hunt v. Mtg. Co., 92 N. W. 23; First National Bank v. State Bank, 15 N. D. 594, 109 N. W. 61; Carpy v. Dowdell, 47 Pac. 695; Black Hills Bank v. Kellogg, 56 N. W. 1071; Sturdevant v. Bank, 87 N. W. 156; section 5764, Rev. Codes, 1905; 10 Cyc. 1078; Dowagiac Co. v. Hellekson, 100 N. W. 717.

Where one acts in a dual capacity, his legal responsibility is ordinarily a question for the jury. Knapp v. Saunders, 90 N. W. 137; N. E. Mtg. Co. v. Addison, 18 N. W. 76; Sherwood v. Home Sav. Bank, 109 N. W. 9; Cox v. Robinson, 82 Fed. 283; Nevada Bank v. Portland Bank, 59 Fed. 338; Armstrong v. Bank, 83 Fed. 569; Rich v. Nat. Bank, 29 Am. Rep. 384.

*Burke & Middaugh,* for respondent.

Bank is not responsible for money received by its cashier, which he was not authorized to receive, and of which it received no benefit. First National Bank v. Michigan City Bank, 8 N. D. 608, 80 N. W. 766; Pelton v. Spider Lake Saw Mill & Lumber Co., 112 N. W. 29; National Bank v. Armstrong, 152 U. S. 346.

FISK, J. Plaintiff recovered judgment in the court below pursuant to a verdict directed by the court. The suit is upon a promissory note executed and delivered by defendants to the State Bank of Knox. The plaintiff is the successor to said State Bank. The defense is that the payee bank came into possession of sufficient

—15—

funds belonging to defendants to pay the balance due on said note, and that defendants requested such bank to apply said funds to the payment of the note.    The funds aforesaid consisted of the proceeds of certain shipments of grain made by defendants, the latter contending that said bank acted as their agent in the collection of drafts drawn against such shipments, and in collecting the balances due thereon, while plaintiff's contention is that one Minkler, who was the cashier and the chief executive officer of the bank, acted as such agent in his individual capacity, and that the bank had no authority to act, and did not in fact act, as such agent.    This was the principal controversy between the parties. At the conclusion of defendant's testimony the trial court granted plaintiff's motion for a directed verdict, and this ruling constitutes the principal assignment of error, and the only one which it is necessary for us to notice.

Was there sufficient evidence in support of such defense to require a submission of the case to the jury?    In answering this question, the familiar rule must be invoked that the testimony will be construed in its most favorable light towards defendant, and all reasonable and legitimate inferences which can be deduced therefrom in their favor will be deduced, and when thus considered, if it can be said that reasonable men may fairly differ in the conclusion to be reached therefrom, it is error to take the case from the jury.    Hall v. N. P. Ry. Co., 16 N. D. 60, 111 N. W. 609, and cases cited.    When construed in the light of the above rule, we think the evidence is clearly sufficient to require its submission to the jury, and hence it was error to direct a verdict.    The evidence showed, or reasonably tended to show, that appellants, who were farmers, with but meager business experience and education, desired to embark in the business of purchasing and shipping grain from Pleasant Lake in this state.    There being no banking facilities at that place, and appellants being desirous of drawing drafts against each shipment, when billed by the common carrier, they called upon the Bank of Knox, at Knox, N. D., for the purpose of making such arrangements, where they found J. A. Minkler, its cashier and chief executive officer, in charge.    They were unacquainted with Minkler at said time, but they there made arrangements with him by which they borrowed $1,000 from the bank, giving the note in suit, and also opened an account with such bank, and as a part of the same transaction it was agreed that,

when each car was ready for shipment, appellants were to notify the bank or Minkler, and they were to attend to the billing of the cars and draw drafts upon the consigee or commission firm and look after the collection of the same and of the balances on such shipments, giving appellants credit therefor. Appellants from time to time drew checks against said account with which to purchase other grain and for other purposes. Defendants' testimony tended to show that a sum in excess of the balance due on said note was received either by the bank or by Minkler individually, and not credited or accounted for to appellant. The testimony discloses that most of the shipments were made in the name of Minkler individually as consignor, and drafts were drawn and remittances made accordingly, although there was no prior understanding that this should be done, and no knowledge on defendants' part that it was done until some time later; and defendants were not permitted to testify to their understanding as to whether they were dealing in these transactions, with Minkler personally, or with the bank through Minkler as its representative. The burden was upon the defendants to establish that these dealings were with the bank, and not with Minkler individually; and it was plaintiff's theory, no doubt, as well as the theory of the trial court, that defendants failed to prove or furnish any testimony reasonably tending to prove such fact. In this we are obliged to differ with them. Minkler was a stranger to the Bakkens, and it is reasonable to suppose that when they went to the bank they did so intending to deal with such bank, and not with Minkler. That they trusted or intended to trust the bank, not Minkler, with their money, is, we think, a fair inference which may be deduced from their testimony. We think the jury, under the evidence, would have been justified in finding that Minkler acted for the bank in all these transactions. If he did so act, and the bank received the benefit of the transaction, it is well settled that it would be under a legal duty to account to defendants, even though Minkler exceeded his authority in assuming, on behalf of the bank, to act as defendant's agent in such transactions. Aldrich v. Bank, 176 U. S. 618, 20 Sup. Ct. 498, 44 L. Ed. 611, and cases cited; Tourtelot v. Whithed, 9 N. D. 407, 84 N. W. 8; First National Bank v. State Bank, 15 N. D. 594, 109 N. W. 61; 10 Cyc. 1066-8, 1156, n. 36. If Minkler acted for the bank, the latter would be responsible for his acts, as the bank had an undoubted right to act as defendants'

agent in the collection of the money due on such shipments. This is well settled. Knapp v. Sanders, 15 S. D. 464, 90 N. W. 137; Charles v. Carter, 96 Tenn. 617, 36 S. W. 396; Tyson v. State Bank, 6 Blackf. (Ind.) 225, 38 Am. Dec. 139; Paint Co. v. National Bank, 4 Utah, 353, 9 Pac. 709; Keyes v. Bank, 52 Mo. App. 323; Stoner v. Zacharay et al., 122 Iowa. 287, 97 N. W. 1098; Gulf, etc. Ry. Co. v. Grain Co., 32 Tex. Civ. App. 93, 74 S. W. 567; Hall v Keller, 64 Kan. 211, 67 Pac. 518, 62 L. R. A. 758, 91 Am. St. Rep. 209; 1 Morse on Banks and Banking (4th Ed.) section 52, and cases cited; 3 Am. & Eng. Enc. Law, 802; 5 Cyc. 493. The case of First National Bank v. Michigan City Bank, 8 N. D. 608, 80 N. W. 766, cited by respondent's counsel is not in point. That was a case where the cashier of defendant bank, without authority and before the bank had opened for business, borrowed certain money in the name of the bank, which he embezzled, the bank receiving no benefit from the unauthorized transaction. The decision cites and relies to a great extent upon Bank v. Armstrong, 152 U. S. 346, 14 Sup. Ct. 572, 38 L. Ed. 470, but that distinguished tribunal in the later case of Aldrich v. Bank, supra, in effect, very materially modified its holding in Bank v. Armstrong. We are not required in the case at bar to consider the question of the liability of a bank under a state af facts similar to those involved in First National Bank v. Michigan City Bank, supra, and hence refrain from so doing. What we hold is that, under the facts of this case, it was for the jury to say whether the defendants dealt with Minkler individually or with Minkler as the bank's representative. This holding finds support in the following cases: Kraninger v. Bldg. Soc., 60 Minn. 94, 96, 61 N. W. 904; Sherwood v. Bank, 131 Iowa, 528, 109 N. W. 9; Cox v. Robinson, 82 Fed. 283, 27 C. C. A. 120; Knapp v. Saunders, 15 S. D. 464, 90 N. W. 137; N. E. Mtg. Security Co. v. Addison, 15 Neb. 335, 18 N. W. 76; Nevada Bank v. Portland Bank (C. C.) 59 Fed. 338; Rich v. Bank, 7 Neb. 206, 29 Am. Rep. 384.

The other assignments of error relate to rulings on the admission and rejection of testimony, and these questions will probably not arise upon another trial. Hence we deem it unnecessary to notice them.

The judgment appealed from is reversed, and a new trial ordered. All concur.