FARMERS' STATE BANK of Hatfield, Minnesota, Respondent, v. EUGENE COUTURE and Rolette County Bank, Fred E. Harris, as its Receiver, Appellants.

(178 N. W. 138.)

**Banks and banking — lack of authority of officer rediscounting paper held no defense against a purchaser without knowledge.**

In an action on a promissory note which the plaintiff bank had discounted for the defendant bank, where it appeared that the defendant bank was operated under the management of its president who indorsed the note and who, together with the cashier, guaranteed payment and agreed to repurchase after maturity, the defendant bank defended on the ground that the officers referred to did not have authority to rediscount paper of the bank. It is *held*:

Though the officers of a bank may not have actual authority to rediscount paper by reason of limitations in the by-laws and in the regulations of the State Banking Board limiting the power of banking institutions to contract debts, where it is shown that the stockholders and directors of the bank allow the institution to be run by an officer who is accustomed to transacting all the ordinary business of the bank, and where such officer contracts for a rediscount of paper belonging to the bank, drawing a draft therefor in favor of the bank which is later paid, the bank and its receiver are precluded from asserting the lack of authority of such officer as against a purchaser of the paper who took without knowledge of the limitations or without knowledge of the facts which would make the limitations operative.

Opinion filed May 20, 1920.

Appeal from district court, Rolette County, Honorable *C. W. Butts,* Judge.

Affirmed.

*Fred E. Harris,* for appellant.

T. J. Clifford, as president of the defendant bank, was not authorized to bind the bank by an unrestricted indorsement.

The officers of the bank had no authority to guarantee payment by unrestricted indorsement. 5 Cyc. 467, 468, 470, 477; Asher v. Sutton (Kan.) 1 Pac. 535; Greenwalt v. Wilson (Kan.) 34 Pac. 403; Spongberg v. First Nat. Bank (Idaho) 31 L.R.A.(N.S.) 736; Comp. Laws 1913, § 6337.

State banks are under the control of and subject to the regulations of the state banking board, and acts which are contrary to the regulations of such board are void. Comp. Laws 1913, § 5146, 5150; State ex rel. Goodsill v. Wodmanse, 1 N. D. 246, 46 N. W. 970.

An officer of a state bank has no power to borrow money for the bank without being specially authorized by the directors. First Nat. Bank v. Michigan City Bank, 8 N. D. 608, 80 N. W. 766.

The authority of the president of the bank must be shown in order to bind the bank. Bobson v. Moore (Ill.) 45 N. E. 243; People's Bank v. Church of Brooklyn, 17 N. E. 408; First Nat. Bank v. Drake (Kan.) 11 Pac. 445; Asher v. Sutton (Kan.) 1 Pac. 535; Greenealt v. Wilson (Kan.) 34 Pac. 403; Schneitman v. Noble (Iowa) 29 N. W. 224; McLellan v. Detroit File Works (Mich.) 23 N. W. 321; Security Bank v. Kingland, 5 N. D. 263, 65 N. W. 697; Baldwin v. Canfield (Minn.) 1 N. W. 261; Edwards v. Carson Water Co. (Nev.) 34 Pac. 381; Kraniger v. People Bldg. Soc. (Minn.) 61 N. W. 904.

*Pollock & Pollock,* for respondents.

A bank may borrow money. Auten v. Bank, 174 U. S. 124, 43 L. ed. 920; Aldrich v. Bank, 176 U. S. 618, 44 L. ed. 611; Bank v. Bank, 15 N. D. 596; Bank of Portage v. St. Bank Northwood, 15 N. D. 594.

Bank offcers have all the power of a board of directors and can do whatever they can do, or authorize to be done and have the full power of a banking corporation with respect to the conduct of the business. Armstrong v. Bank, 63 Fed. 558; Tourtelet v. Whitehead, 9 N. D. 407; Davenport v. Stone, 62 N. W. 722; Wing v. Bank, 61 N. W. 1009.

It is the duty of the directors to know of the transactions of its officers and they are chargeable with knowledge thereof. Marden v. Webb, 110 U. S. 7, 28 L. ed. 49; Mahoney Min. Co. v. Bank, 104 U. S. 192, 26 L. ed. 707; Aldrich v. Bank, 176 U. S. 618, 44 L. ed. 611; Bank v. Bank, 15 N. D. 596.

The usages of business in a particular institution or locality may be considered in determining an officer's power. Auten v. Bank, 174 U. S. 124, 43 L. ed. 920.

It is to be presumed that the offcers had the power to make such guaranty in the name of the bank and the bank is estopped to deny it. People's Bank v. Municipal Mfg. Co.'s Bank, 101 U. S. 181–184, 25 L. ed. 907. This action is based on similar facts and the statutes seem to be almost identical. See also Comp. Laws 1913, § 5150.

A bank cannot deny its power to secure its loans, the proceeds of which it has received, so long as it retains such proceeds. Wright v. Hughes, 21 N. E. 906; Tourelot v. Whitehead, 9 N. D. 407; Day v. Spiral Spring Buggy Co. 23 N. W. 628; 10 Cyc. 1150, 1151; Anthony v. Household Sewing Mach. Co. 5 L.R.A. 575; First Nat. Bank v. St. Bank Northwood, 15 N. D. 594.

Acceptance of benefit is a consent to obligation. Comp. Laws 1913, § 5866; Bank of Knox v. Bakken, 17 N. D. 224: Bank v. Bank, 8 N. D. 608.

BIRDZELL, J. This is an action by the Farmers' State Bank of Hatfield, Minnesota, against the defendants on a promissory note which was given by the defendant Couture to the Rolette County Bank and by it rediscouted with the plaintiff bank. The note in question was executed on January 14, 1918, and called for the payment of $1,300 on December 1, 1918, with interest at 10 per cent. It was indorsed in blank by the Rolette County Bank, by T. J. Clifford, president, and in addition a separate guaranty of payment and repurchase agreement, signed by Clifford, as president, and M. Scott, as cashier, was entered into. The note was forwarded to the plaintiff and a draft was drawn to cover the purchase price of this and other notes, which draft was paid on presentation. A jury was waived and the action was tried before the district judge who entered a judgment in favor of the plain-

tiff. From this judgment the defendant bank and its receiver have appealed.

The appellant's contentions concern only the authority of Clifford, the president of the bank, to rediscount the paper and to enter into the guaranty and repurchasing agreement. It is not seriously contended by the respondent that Clifford had actual authority to rediscount this paper, as it appears that the matter was never referred to the discount committee in accordance with the controlling regulations.

It is also pointed out that under the regulations of the State Banking Board a rediscount of this character is considered a loan, and that the bank was so heavily indebted at the time that the loan in question was in excess of its authority to borrow. It is not shown, however, either that the books of the bank disclosed this condition or that the plaintiff had any knowledge thereof.

But the absence of actual authority is not conclusive against the plaintiff, provided Clifford and Scott, president and cashier, respectively, of the bank, possessed ostensible authority to bind the bank by the contract of discount, indorsement and guaranty. The appellant, however, argues that under the rule laid down in the case of First Nat. Bank v. Michigan City Bank, 8 N. D. 608, 80 N. W. 766, the defendant cannot be held liable on any principle of estoppel or ostensible authority. The argument seems to us untenable for it carries the principle of the case beyond the facts to which it was applied and fails to take into account the subsequent expressions of the court on the same subject.

It is unnecessary to emphasize the features of the present case which distinguish it from that of the First Nat. Bank v. Michigan City Bank, supra. Suffice it to say that the notes which were rediscounted in that case were forgeries as to the makers, whereas in the instant case there is no question of the genuineness of the note nor of the further fact that the defendant bank received from the plaintiff bank full value for the paper. In this case it further appears that the bank was practically in the charge of Clifford and that the directors exercised very little, if any, control. These facts clearly relieve the case from the operation of the principle upon which ostensible authority was denied in the case of First Nat. Bank v. Michigan City Bank, supra, and bring it within a principle that has been repeatedly asserted, not only in this

state but in other jurisdictions including the Supreme Court of the United States, upon whose authority the case of First Nat. Bank v. Michigan City Bank was decided. At the time of the first decision upon this question (First Nat. Bank v. Michigan City Bank) this court was impressed with the then latest authoritative expression—that of the Supreme Court of the United States—found in Western Nat. Bank v. Armstrong, 152 U. S. 346, 38 L. ed. 470, 14 Sup. Ct. Rep. 572, which was deemed particularly persuasive by reason of the similarity between the provisions of the national banking act there under consideration and the state banking laws. But in later decisions, the United States Supreme Court has plainly limited the effect of its former holdings (see Aldrich v. Chemical Nat. Bank, 176 U. S. 618, 44 L. ed. 611, 20 Sup. Ct. Rep. 498) and has pointed out that the principle of the Armstrong case does not apply where the defendant bank gets the benefit of the money loaned to it. In the Aldrich case the question was substantially the same as in the case at bar. After analyzing the facts, the court stated the question thus (176 U. S. p. 629):

"We have then a case in which a national bank having used in its business money which its vice president obtained as a loan to it from another national bank denies all liability to account for the same upon the ground that the loan was not negotiated by it or by its directors, as well as upon the ground that it could not itself have legally borrowed the money from the other bank. Do the statutes relating to national banking associations require that such a defense be sustained?

After discussing authorities at length, the court answered this query as follows (page 635):

"Without further citation of cases we adjudge, both upon principle and authority, that as the money of the Chemical Bank was obtained under a loan negotiated by the vice president of the Fidelity Bank who assumed to represent it in the transaction, and as the Fidelity Bank used the money so obtained in its banking business and for its own benefit, the latter bank, having enjoyed the fruits of the transaction, cannot avoid accountability to the New York bank, even if it were true, as contended, that the Fidelity Bank could not consistently with the law of its creation have itself borrowed the money. . . . It cannot escape liability on the ground merely that it was not permitted by its charter to obtain money from another bank. . . . It would not be

allowed to hold the money, even if it were not without power under its charter to have borrowed it from the Chemical Bank for use in its business. . . ."

See also First Nat. Bank v. State Bank, 15 N. D. 594, 109 N. W. 61; First Nat. Bank v. Bakken, 17 N. D. 224, 116 N. W. 92; Grant County State Bank v. Northwestern Land Co. 28 N. D. 479, 512, 150 N. W. 736; Davenport v. Stone, 104 Mich. 521, 53 Am. St. Rep. 467, 62 N. W. 722; Merchants Nat. Bank v. State Nat. Bank, 10 Wall. 604, 19 L. ed. 1008; 1 Morse, Banks & Bkg. 5th ed. §§ 160, 165.

The repurchase agreement imposed no greater liability on the defendant than an ordinary indorsement with a waiver of presentment, demand, and notice; and if the bank is precluded from relying upon the absence or limitation of authority on the part of its officers to borrow money under a contract of indorsement with waiver, it is equally precluded from denying the authority to enter into the contract of repurchase.

The judgment appealed from is correct and it is affirmed.

CHRISTIANSON, Ch. J., and BRONSON, and ROBINSON, JJ., concur.

GRACE, J. I concur in the result.